Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fx: 503-427-9001

of Attorneys for Plaintiffs
Additional attorneys listed on final page

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **LEE WALTERS, MD**, an Oregon resident; and **JANE ROE**, a California resident,<br><br>         **Plaintiffs**,<br><br>   v.<br><br>**VITAMIN SHOPPE, INC.**, a Delaware corporation, and **THE VITAMIN SHOPPE**, an assumed business name of **VS DIRECT, INC.**, a Delaware corporation,<br><br>         **Defendants**. | Case No. 3:14-cv-00254-HZ<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**(1) Breach of Contract and Warranty**<br>**(2) Fraud by Uniform Written Misrepresentation and Omission**<br>**(3) State Unlawful Trade Practices**<br>**(4) Unjust Enrichment**<br>**(3) Injunctive Relief**<br><br>**JURY TRIAL DEMANDED** |

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Plaintiffs individually and on behalf of the Class and Subclasses described below, through counsel allege as follows:

## NATURE OF THE CASE

1.      This is a proposed class action. Plaintiffs, on behalf of themselves and all similarly situated persons seek money damages and injunctive relief based on Defendants' acts and omissions. This includes claims for breach of contract and warranty, unjust enrichment, false advertising and injunctive relief for class members, and relief for state of Oregon and California subclasses based on violations of those states' consumer protection statutes related to unlawful or unfair trade practice acts.

2.      The claims relate to the marketing and sales of "THE Vitamin Shoppe" dietary supplements that are marketed, labeled, and sold with the inaccurate or misleading representation on the packaging that they provide a certain milligram ("mg") dosage per tablet, capsule, or unit; and inaccurate or misleading statement that the package contains a particular milligram quantity of supplement.

3.      The products at issue are supplements sold under the "THE Vitamin Shoppe" trade name and label.  These include but are not limited to Activated Charcoal (100 qty., 520 mg, 560 mg), Ascorbyl Palmitate (100 and 300 qty., 500 mg), BioCell Collagen with Hyaluronic Acid (60, 180 qty., 1000 mg), C-1000 - Easy to Swallow (300 qty., 1000 mg), C-2000 Complex (100 and 300 qty., 2000 mg), Calcium 1000 (300 qty.,

Page 2      CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

1000 mg), Calcium 1000 - Easy to Swallow (100 and 300 qty., 1000 mg), Calcium

Chocolate Chews (60 qty., 1000 mg), Calcium Caramel Chews (60 qty., 1000 mg),

Coral Calcium (90 and 180 qty., 1500 mg), L-Arginine-Ornithine (300 qty., 2000 mg),

Melatonin Gummies (60 qty., 5 mg), Red Yeast Rice (240 qty., 1200 mg), SAMe 200

Mg S-Adenosyl-L-Methionine (50 qty., 200 mg), Vitamin C Gummies (60 qty., 250 mg),

and Wheat Grass (500 qty., 500 mg). ("Accused VSI Products").

4.      Concurrent with filing the initial Complaint for injunctive relief related to

conduct within the state of Oregon, Plaintiffs provided the required notice to Defendants

pursuant to ORCP 32 H. Plaintiffs have not included a claim for money damages for

violations of Oregon law or statute in this Complaint.

5.      Concurrent with filing this Complaint for injunctive relief related to

Defendants' violations of California Cal.Civ.Code §1770 *et seq.*, Plaintiffs provided the

required notice to Defendants pursuant to Cal.Civ.Code §1782.  Plaintiffs have not

included a claim for money damages for violations of California Cal.Civ.Code §1770 *et*

*seq.* in this Complaint.

## THE PARTIES

6.      Plaintiff / Class representative LEE WALTERS ("WALTERS") is an

individual who resided in the state of Oregon and purchased one or more of the

Accused VSI Products within Oregon during the applicable class period.

7.      Plaintiff / Class representative JANE ROE ("ROE") is an individual who

CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

resided in the state of California and purchased one or more of the Accused VSI

Products within California during the applicable class period.

8.      Defendant VITAMIN SHOPPE, INC. ("VSI"), is incorporated in the State of

Delaware, and headquartered at 2101 91st Street, North Bergen, New Jersey. Vitamin

Shoppe Industries Inc. ("Industries") is a wholly-owned subsidiary of VSI. Industries

holds the following wholly-owned subsidiaries: VS DIRECT, INC. ("Direct"), Vitamin

Shoppe Mariner, Inc. ("VSM"), Vitamin Shoppe Global, Inc. ("VSG"), and Vitapath

Canada Limited ("VCL").

9.      Together VIS, Industries, and their wholly-owned subsidiaries are a multi-

channel specialty retailer of nutritional products. Sales of both national brands and

proprietary brands of vitamins, minerals, herbs, specialty supplements, sports nutrition

and other health and wellness products ("VMS products") are made through more than

600 retail stores, the internet, and mail order catalogs to customers located primarily in

the United States. VSI, Industries, and each of their subsidies operate from VSI

headquarters in North Bergen, New Jersey.

10.     Defendant THE VITAMIN SHOPPE is an assumed business name of VS

DIRECT, INC., a Delaware corporation.  VS DIRECT, INC. is a wholly-owned

subsidiary of Industries, and Industries is a wholly-owned subsidiary of VSI.

11.     THE VITAMIN SHOPPE / VS DIRECT, INC. market and sell both national

brands and proprietary brands of vitamins, minerals, herbs, specialty supplements,

Page 4      CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

sports nutrition and other health and wellness products ("VMS products") through more than 600 retail stores, the internet, and mail order catalogs to customers located primarily in the United States.  It operates from VSI headquarters in North Bergen, New Jersey.

12.    Unless noted otherwise, both Defendants will be referred to collectively as "VS" or "Defendants" below.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) and §1332, because: (a) Each plaintiff is a resident of one of the Class States and Defendants are Delaware corporations with their principal place of business in New Jersey, and (b) the damage claims exceed $75,000 in the aggregate.

14.    This Court also has subject matter jurisdiction purusant to 28 U.S.C. §1332(d)(2), the "Class Action Fairness Act." On information and belief, there are over 100,000 Class members in the proposed Class, over 10,000 members in each proposed Subclass, the amount in controversy exceeds $5,000,000, and Plaintiffs and substantially all members of the Class are citizens or residents of different states than the Defenadants.

15.    This Court has personal jurisdiction over Defendants because they do business in the state of Oregon and this District and a significant portion of the wrongdoing alleged in this complaint took place here. Defendants have intentionally

Page 5      CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

availed themselves to markets and customers in the state of Oregon and this District

through the presence of retail stores, marketing and promotion, and sales of products.

Defendants have contacts with this state and District sufficient to render the exercise of

jurisdiction by this Court permissible under traditional notions of fair play and

substantial justice.

      16.     Venue is proper within the state of Oregon and this District pursuant to 29

U.S.C. §1391.

## DEFENDANTS' CONDUCT

      17.     During the class period the VS sold both the "house brand" VSI Products

labeled with the "THE Vitamin Shoppe" trade name on the label, and competing

nutritional supplements and products labeled with the trade or brand names of other

manufacturers. Typically, a particular type of nutritional supplement such as VS's

house brand Vitamin C will be shelved near or adjacent to the same or similar product

offering by a competitor.

      18.     The face or front facing portion of packaging for nutritional products is

called the "Principal Display Panel" by the United States Food and Drug Administration

("FDA").  This is further defined by the FDA as: "the portion of the package that is most

likely to be seen by the consumer at the time of display for retail purchase."

      19.     The Principal Display Panel provides information that allows purchasers to

comparison shop between various manufacturers and brands of the same or similar

Page 6       CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

VMS product.  This information typically includes: (1) the type or name of the VMS

product, (2) the quantity or amount of the active ingredient, typically in milligrams (mg),

(3) the number of tablets, capsules, or other individual units contained within the

package, and (4) price.

20.     By shelving same or similar VMS products near or adjacent to each other,

and with the Principal Display Panels of each package or container turned to face

toward the consumer, VS provides consumers an opportunity to use the Principal

Display Panels as a means to compare prices and cost per unit of its VSI Product with

competing product from other manufacturers.

21.     An example of the Principal Display Panel from an Accused VSI Product

(L-Arginine-Ornithine, 2000 mg) is below:



22.     Another example of a Principal Display Panel from an Accused VSI

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Product (Calcium 1000 mg) is below:



23.    These Principal Display Panels for these and other Accused VSI Products materially misrepresent the quantity and characteristics of the contents, and create a substantial likelihood of confusion in potential purchasers as to the quantity of supplement being purchased.

24.    Plaintiffs and each Class member formed a contract with Defendants when they purchased one or more of the Accused VSI Products.  The terms of the contract included representations of fact made by Defendants on the Principal Display Panels of the Accused VSI Products purchased. This included representations of: (1) the type or name of the VMS product, (2) the quantity or amount of the active or represented main ingredient, (3) the number of tablets, capsules, or other individual units contained within the package, and (4) price. The information on Defendants' label

Page 8        CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

constituted an express warranty, was part of the basis of the bargain and a contract between Plaintiffs / Class Members, and Defendants.

25.    For example, Defendants' Principal Display Panel on packaging of its L-Arginine-Ornithine stated a quantity of "2000 mg", and that the package contained "300 capsules".  This package is designed to, and does lead an average reasonable consumer to conclude that the package contains 300 capsules each containing 2000 mg of L-Arginine-Ornithine, or a total of 600,000 mg.

26.    Instead, the package contained 300 capsules that each provide only 1000 mg of L-Arginine-Ornithine, or a total of 300,000 mg.

27.    In much smaller type the on "Supplemental Facts Panel", located on the back of the bottle and shelved to face away from the consumer, Defendants indicated that "serving size" was two capsules. The 2000 mg representation on the Principal Display Panel was therefore based on this "serving size." Nothing on the Principal Display Panel indicated that the 2000 mg dosage was predicated on consumption of more than one capsule, or that it was not an accurate representation of the quantity of L-Arginine-Ornithine per capsule.

28.    Similarly, the Principal Display Panel on packaging for Defendant's Calcium 1000 mg Carmel Chews represented that the package contained "Calcium 1000 mg Caramel Chews" and that "60 SOFT CHEWS" were inside the package.

29.    Instead, the package contained 60 soft chews that each contained only

Page 9      CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

500 mg of calcium.

30.     In much smaller type the on "Supplemental Facts Panel", located on the back of the packaging and shelved to face away from the consumer, Defendants indicated that a "serving size" was two soft chews. The 1000 mg representation on the Principal Display Panel was therefore based on this "serving size" of two soft chews. Nothing on the Principal Display Panel indicated that the 1000 mg dosage was predicated on consumption of more than one soft chew, or that it was not an accurate representation of the quantity of Calcium per each soft chew.

31.     Defendants' conduct is particularly misleading and confusing because on other some of the other VSI Products with "serving sizes" greater than one, it disclosed that fact on the Principal Display Panel. Examples are provided below for Easy to Swallow C-1000 and Calcium 1000 softgels, both of which indicated "Per 2 Softgels" on the Principal Display Panel adjacent to the quantity, as indicated by the red arrow (added for purposes of this Complaint):

Page 10     CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

 

32.     The table below provides shows some of the Accused VSI Products, and

compares the represented quantity of active ingredient with the actual quantity per unit:

| Product name / Active Ingredient | Units Per Package | Stated Quantity per Unit (mg) | Actual Quantity per Unit | Percent Shortfall |
|---|---|---|---|---|
| Activated Charcoal | 100 | 520, 560 | 260, 280 | 50 |
| Ascorbyl Palmitate | 100, 300 | 500 | 250 | 50 |
| BioCell Collagen | 60, 180 | 1000 | 500 | 50 |
| C-1000 - Easy to Swallow | 300 | 1000 | 500 | 50 |
| C-2000 Complex | 100, 300 | 2000 | 1000 | 50 |
| Calcium 1000 | 300 | 1000 | 500 | 50 |

Page 11    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

| | | | | |
|---|---|---|---|---|
| Calcium 1000 - Easy to Swallow | 100, 300 | 1000 | 250 | 75 |
| Calcium Chocolate Chews | 60 | 1000 | 500 | 50 |
| Calcium Caramel Chews | 60 | 1000 | 500 | 50 |
| Coral Calcium | 90, 180 | 1500 | 500 | 66.67 |
| L-Arginine-Ornithine | 300 | 2000 | 1000 | 50 |
| Melatonin Gummies | 60 | 5 | 2.5 | 50 |
| Red Yeast Rice | 240 | 1200 | 600 | 50 |
| SAMe 200 | 50 | 200 | 100 | 50 |
| Vitamin C gummies | 60 | 250 | 125 | 50 |
| Wheat Grass | 500 | 500 | 72 | 85.6 |

## INDIVIDUAL ALLEGATIONS

33.    Plaintiff / Oregon Sub-Class Representative WALTERS is an Oregon resident, who within the class period purchased one or more of the above Accused VSI Products from a VS store located within the state of Oregon.  At the time of the purchase, WALTERS was unaware that the package he purchased misrepresented the amount of milligrams per unit of the product, or the overall amount of the supplement contained within the package.

34.    WALTERS would not have purchased the Accused VSI Product if the

Page 12    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

actual amount of product per unit had been disclosed to him on the Principal Display Panel.

35.    Plaintiff / California Sub-Class Representative ROE is a California resident, who within the class period purchased one or more of the above Accused VSI Products from a VS retail store located within the state of California.

## CLASS ALLEGATIONS

36.    Plaintiffs bring this action for themselves, and on behalf all similarly situated persons who purchased one or more of the Accused VSI Products within the United States, and within any Class State as the Court may determine appropriate for class certification treatment pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

37.    The Class and Subclasses of persons that Plaintiffs seek to represent are defined as:

    (a)    The "Nationwide Class" defined as:

        all persons within the United States who at any time during the applicable class period purchased one or more of the Accused VSI Products from a retail store, through the internet, or catalogues.

    (b)    "Oregon Subclass" defined as:

        all Oregon residents who at any time during the applicable

Page 13    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

> class period purchased one or more of the Accused VSI
>
> Products from a retail store, through the internet, or
>
> catalogues.

(c)    "California Subclass" defined as:

> all California residents who at any time during the applicable
>
> class period purchased one or more of the Accused VSI
>
> Products from a retail store, through the internet, or
>
> catalogues.

38.    Excluded from the National Class and each State Subclasses is: (a) any Defendant, person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and any current employee of any Defendant; (b) all persons who make a timely election to be excluded from the proposed Class; (c) the judge(s) to whom this case is assigned and any immediate family members thereof; and (d) the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

39.    Plaintiffs' breach of contract and breach of warranty claims are appropriate for class-wide certification and treatment because each class representative can prove the elements of their claim on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

40.    The claims by each Class State class representative are appropriate for

Page 14    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

sub-class certification and treatment because each Class State representative can prove the elements of their claim on a sub-class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same Class State claims.

41.    Numerosity Under Rule 23(a)(1). Members of the National Class and each State Subclass are so numerous that joinder of all members individually into one action, or into individual state-wide class actions, or otherwise is impractical. On information and belief, the National Class consists of substantially more than 50,000 members, and each State Subclass likely exceeds 10,000 members.

42.    Commonality and Predominance under Rule 23(a)(2) and (b)(3). Common questions of law and fact are shared by Plaintiffs and members of the National Class and the State Subclasses which predominate over any individual issues.

43.     For the National Class, common issues of law include:

a.    Was a contract was formed between Defendants and the Class Members?

b.    If a contract was formed, what were its terms?

c.    If a contract was formed, did Defendants breach any of its terms?

d.    What statute of limitation applies to the contract claims?

e.    What is the appropriate measure of damages for Defendants' breach of contract?

Page 15    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

f.    Is specific performance a proper remedy for Defendants' breach of contract?

g.    Did the labels on the Accused VSI Products create an express or implied warranty?

h.    If the labels on the Accused VSI Products created a warranty, what were the terms?

i.    If a warranty was created, did Defendants breach its terms?

j.    What statute of limitation applies to the breach of warranty claims?

k.    What is the appropriate measure of damages for Defendants' breach of warranty?

l.    Is specific performance a proper remedy for Defendants' breach of warranty?

m.    Is the National Class entitled to an injunction or other equitable relief?

44.    For the State of Oregon Subclass ("Oregon Subclass"), common questions of law and fact include each of the above common questions of law and fact applicable to the National Class, and in addition:

n.    Did Defendants represent that its goods have characteristics, ingredients, uses, benefits, quantities or qualities that they do not have in violation of ORS 646.608(1)(e)?

Page 16    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

o.    Did Defendants represent that goods are of a particular standard, quality, or grade if they are of another in violation of ORS 646.608(1)(g)?

p.    Did Defendants makes a false or misleading representation of fact concerning the offering price of, or the cost for goods in violation of ORS 646.608(1)(s)?

q.    Did Defendants engage in unfair or deceptive conduct in trade or commerce in violation of ORS 646.608(1)(u)?

45.    For the State of California Subclass ("California Subclass"), common questions of law and fact include each of the above common questions of law and fact applicable to the National Class, and in addition:

r.    Did Defendants violate Cal.Civ.Code § 1770(a)(5) by representing that goods had characteristics, ingredients, uses, benefits, or quantities which they did not have?

s.    Did Defendants violate Cal.Civ.Code § 1770(a)(7) by representing that goods are of a particular standard, quality, or grade if they are of another?

t.    Did Defendants violate Cal.Civ.Code § 17200 by committing an unfair or fraudulent business act or practice, or through unfair, deceptive, untrue, or misleading advertising?

Page 17    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

u.    Did Defendants violate Cal.Civ.Code § 17500 by making untrue or misleading statements of fact?

v.    Did Defendants violate Cal.Civ.Code § 17508 by making a false or misleading advertising claim, including claims that (1) purport to be based on factual, objective, or clinical evidence, (2) compare the product's effectiveness or safety to that of other brands or products, or (3) purport to be based on any fact?

w.    When did California Subclass Plaintiffs discover Defendants' violations of Cal.Civ.Code § 1770(a),  for the purposes of California's delayed discovery rule as set forth in *Jolly v. Eli Lilly & Co.,* 4 Cal.3d 1103, 1110 (1988)?;

x.    Should the court grant equitable relief to the California Subclass pursuant to Cal.Civ.Code § 1780(a)(2) and (3)?;

46.    Each of the Plaintiffs' / Class Representatives' claims are typical of the claims of the members of the National Class. Each National Class claim arises from the same type events, practices, and course of conduct by Defendants -- the marketing and sales of the Accused VSI Products. The legal theories asserted by Plaintiffs / Class Representatives are the same as the legal theories that will be asserted on behalf of the National Class -- money damage claims for breach of contract or warranty and claims for injunctive relief.

Page 18    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

47.    The claims of each state Plaintiff / State Subclass Representative for each State Subclass are typical of the claims of the members of that specific State Subclass. The claims arise from the same type events, practices, and course of conduct by Defendants -- the marketing and sales of the Accused VSI Products. The legal theories asserted by each state Plaintiff / State Subclass Representative are the same as the legal theories asserted by the members of that State Subclass.

48.    Plaintiffs are willing and prepared to serve the Court as representatives for the National Class and the proposed State Subclasses to which they belong in a representative capacity with all of the required material obligations and duties. Plaintiffs will fairly and adequately protect the interests of the National Class and the State Subclasses to which they belong, and have no interests adverse to or which directly or irrevocably conflict with the other members of the National Class or their State Subclass.

49.    The self-interests of Plaintiffs are co-extensive with, and not antagonistic to those of the absent members of the National Class and the members of the State Subclasses to which they belong. The proposed representatives will represent and protect the the interests of the absent National Class and the respective Subclass to which they belong.

50.    Plaintiffs have engaged the services of the following counsel and law firms:  Rick Klingbeil, PC; Brooks Cooper, attorney at law; and Brady Mertz, PC.

Page 19    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Counsel are experienced in litigation, complex litigation, and class action cases, and will protect the rights of and otherwise effectively represent the named class representatives and absent National Class and Oregon Subclass members. Plaintiffs has also retained the law firm of Foley, Bezek, Behle & Curtis, LLP who are expected to apply for permission to appear *pro hac vice* in this District before this court and as co-counsel in this matter. Foley, Bezek, Behle & Curtis, LLP are experienced in complex litigation and class action lawsuits.

51.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The operative facts relating to Plaintiffs and members of the National Class and each State Subclass are the same, the damages suffered by individual Class and State Subclass members are relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class and Subclasses to individually redress the wrongs done to them, and proceeding as a class action will resolve hundreds of thousands of claims in a manner that is fair to Defendants and Class Members. There will be no difficulty in the management of this case as a class action with a National class consisting of members from all states, and two State Subclasses consisting of the same individuals from the two subclass states.

52.     Class members may be notified of the pendency of this action by several means, including posted notice at Defendants' place of business and retail stores, its

Page 20     CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

website, its catalogues, and on promotional websites and social media related to

Defendants' business. Defendants have recorded identifying details of many class

members through customer-established "accounts". To establish a customer account, a

class member provides their full name, address, and sometimes phone number, and a

a billing address. Customer accounts retain and save an account holder's order history,

which would show their purchases of any Accused VSI Product.  The order history and

contact information would allow an efficient and direct method of providing notice to a

substantial percentage of the class.  Class members may also be notified directly

based on charge and banking card records used in the transactions, and if deemed

necessary or appropriate by the Court, through published notice.

53.    The prosecution of separate actions by individual Class and Subclass

members would create a risk of inconsistent or varying adjudications with respect to

individual members, which would establish incompatible standards of conduct for

Defendants. Defendants have acted on grounds that apply generally to the Class and

each State Subclass making equitable relief and relief based on breach of contract and

warranty appropriate to the Class as a whole.

## NATIONAL CLASS

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

54.    On behalf of themselves and the members of the National Class, Plaintiffs

Page 21    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

/ Class Representatives reallege paragraphs 1 through 53, and further allege:

55.     Defendants' packaging, display, and offer to sell its Accused VSI Product was an offer.

56.     The terms of Defendants' offer were that if Plaintiffs or a Class Member paid the marked price, they would receive a package containing a certain quantity of tablets, capsules, gelcaps ("units"), and that each of those units would contain the number of milligrams of the ingredient at issue. The number of units, and the milligrams of ingredient were indicated on the Principal Display Panel.

57.     Plaintiffs and Class Members accepted Defendants' offer when they purchased one or more of the Accused VSI Products.

58.     Defendants breached the terms of the contract. Each unit of Accused VSI Product contained half or less of the number of milligrams of the ingredient represented on the Principal Display Panel.

59.     Further, each package of Accused VSI Product contained half or less of the total number of milligrams of the ingredient represented on the Principal Display Panel.

60.     Plaintiffs and Class Members are entitled to their damages incurred as a result of Defendants' breach.  At this time, the Oregon subclass does not seek monetary damages, but only injunctive relief.

**NATIONAL CLASS**

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

## SECOND CLAIM FOR RELIEF

### (Breach of Warranty)

61.    On behalf of themselves and the members of the National Class, Plaintiffs / Class Representatives reallege paragraphs 1 through 60, and further allege:

62.    Representations made on the Principal Display Panel of the Accused VS Products created a warranty.

63.    Defendants warranted that the package or container of the Accused VSI Product contained the stated number of units and that each of those would contain the stated number of milligrams of the ingredient represented on the Principal Display Panel.

64.    Defendants further warranted that each package of Accused VSI Product contained the total number of milligrams of the ingredient represented on the Principal Display Panel.

65.    Defendants breached the warranty because each of the units contained less than half of stated number of milligrams of the ingredient represented on the Principal Display Panel.

66.    Defendants also breached the warranty because each package of Accused VSI Product contained half or less of the total number of milligrams of the ingredient represented on the Principal Display Panel.

67.    Plaintiffs and Class Members are entitled to their damages incurred as a

Page 23    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

result of Defendants' breach of warranty, or otherwise entitled to be made whole. At this time, the Oregon subclass does not seek monetary damages, but only injunctive relief.

**OREGON SUBCLASS**

**CLAIM FOR RELIEF**

**(ORS §646.608 - Unlawful Trade Practices)**

68.    On behalf of himself and the Oregon Subclass, WALTERS realleges paragraphs 1 through 67, and further alleges:

69.    By engaging in the practices desribed herein, Defendants have violated, and continue to violate the Oregon Unlawful Trade Practices Act, ORS §646.608 in at least the following respects:

    a.    in violation of ORS §646.608(1)(e), Defendants have represented that goods have characteristics, ingredients, quantities or qualities that they do not have;

    b.    in violation of ORS §646.608(1)(g), Defendants have represented that goods are of a particular standard, quality, or grade, when they are of another;

    c.    in violation of ORS §646.608(1)(s), Defendants have made false or misleading representations of fact concerning the offering price of, or the persons cost for goods;

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

d.    in violation of ORS §646.608(1)(u), Defendants have engaged in

unfair or deceptive conduct in trade or commerce proscribed by

rules established by the Oregon Attorney General.

70.    WALTERS and Oregon Subclass Members are entitled to injunctive relief

pursuant to ORS §646.638(8)(c).

71.    Concurrent with filing this Complaint for injunctive relief related to conduct

within the state of Oregon, Plaintiffs have provided the required notice to Defendants

pursuant to ORCP 32H. Plaintiffs anticipate amending this action after 30 days to add a

request for money damages for claims arising in Oregon if necessary.

**CALIFORNIA SUBCLASS**

**FIRST CLAIM FOR RELIEF**

**(Cal.Civ.Code § 1750 *et seq.*)**

72.    On behalf of herself and the California Subclass, California Plaintiff ROE

realleges paragraphs 1 through 67, and further alleges:

73.    The CLRA applies to Defendants' actions and conduct described herein

because it extends to transactions which are intended to result, or which have resulted,

in the sale of goods to consumers.

74.    Plaintiff ROE and each member of the California Subclass is a "consumer"

within the meaning of California Civil Code §1761(d).

75.    By engaging in the practices desribed herein, Defendants have violated,

Page 25    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

and continue to violate, the CLRA in at least the following respects:

      a.     in violation of section 1770(a)(4) of the CLRA, Defendants have

             used deceptive representations in connection with sale of goods;

      b.     in violation of section 1770(a)(4) of the CLRA, Defendants have

             represented goods to have characteristics, uses, benefits and/or

             quantites which they do not have;

      c.     in violation of section 1770(a)(4) of the CLRA, Defendants have

             represented goods of a particular standard, quality or grade in a

             misleading fashion.

76.     California Subclass Plaintiff and Subclass Members are entitled to an order enjoining Defendants from further violations of the above provisions pursuant to Cal.Civ.Code § 1780(2).  Unless Defendants are enjoined from continuing to engage in violations of the CLRA, Plaintiff ROE and the other members of the California Subclass will continue to be injured by Defendants' actions and conduct.

**CALIFORNIA SUBCLASS**

**SECOND CLAIM FOR RELIEF**

**(Cal. Bus. & Prof. Code)**

**(§17200 (Unfair Competition))**

77.     On behalf of herself and the California Subclass, California Plaintiff ROE realleges paragraphs 1 through 67, and further alleges:

Page 26    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

78.     Defendants have engaged in and continues to engage in an unfair, unlawful and fraudulent business practice described herein.  By engaging in the above-described practices, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200.

79.     Defendants' practice is unfair because the true quantities / milligrams of the Accused VSI Product is not fully and adequately disclosed on the Primary Display Panel at the time purchase and, therefore, is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to the members of the California Subclass.

80.     Defendants' practice is unlawful because it violates, inter alia, California Business and Professions Code §17500 and Civil Cide §1770.

81.     Defendants' practice is fraudulent because it has deceived and is likely to deceive members of the California Subclass.

82.     Unless Defendants are enjoined from continuing to engage in this unfair, unlawful and fraudulent business practice, Plaintiff ROE and the other members of the California Subclass will continue to be injured by Defendants' actions and conduct. California Subclass Plaintiff and Subclass Members are entitled to an order enjoining Defendants from further violations of the above provisions pursuant to Cal.Civ.Code §§ 17203 and 17204.

83.     To avoid unjustly enriching Defendants through their own wrongful actions and conduct, Defendants should be required to disgorge and restore to Plaintiff and

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

other members of the California Subclass all money wrongfully obtained by Defendants

as a result of their unfair, unlawful and fraudulent business practices, with interest.

### CALIFORNIA SUBCLASS

### THIRD CLAIM FOR RELIEF

### (Cal. Bus. & Prof. Code)

### (§17500 and §17508 (False Advertising))

84.    On behalf of herself and the California Subclass, California Plaintiff ROE

realleges paragraphs 1 through 67, and further alleges:

85.    Defendants have engaged in and continues to engage in an unfair,

unlawful and fraudulent business practice described herein. By engaging in the above-

described practices, Defendants have committed one or more acts of false advertising

within the meaning of California Business and Professions Code §17500 and §17508.

86.    Defendants' advertising was and is false and misleading because it

consisted of one or more statements which were known, or which by the exercise of

reasonable care should have been known to be false or misleading.

87.    Specifically, Defendants' advertising is untrue and misleading because the

true or accurate quantities / milligrams for each of the Accused VSI Products is not fully

and adequately disclosed on the Principal Display Panel at the time purchase.

88.    Defendants' practice has deceived and is likely to deceive or mislead

members of the California Subclass.

Page 28    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

89.    Unless Defendants are enjoined from continuing to engage in this unfair, unlawful, and fraudulent business practice, Plaintiff ROE and the other members of the California Subclass will continue to be injured by Defendants' actions and conduct. California Subclass Plaintiff and Subclass Members are entitled to an order enjoining Defendants from further violations of the above provisions pursuant to Cal.Civ.Code §§ 17203 and 17204.

90.    To avoid unjustly enriching Defendants through their own wrongful actions and conduct, Defendants should be required to disgorge and restore to Plaintiff and the other members of the California Subclass all money wrongfully obtained by Defendants as a result of their unfair, unlawful and fraudulent business practices, with interest.

## REQUEST FOR RELIEF

Plaintiffs seek the following for themselves, the National Class, and their respective State Subclass members:

## <u>Case Management</u>

A.    Certifying this action as a class action as set forth above, or as a class action or issue class as otherwise deemed appropriate by the Court pursuant to a Motion to Certify Class Action to be filed by Plaintiffs in this case;

B.    Appointing Plaintiffs as National Class Representatives, and appointing representatives for the State Classes as follows:

a.    State of Oregon Subclass - Plaintiff Lee WALTERS;

Page 29    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

       b.      State of California Subclass - Plaintiff Jane ROE.

C.      Approving counsel listed herein as class counsel and approving, upon their admission *pro hac vice* in this matter, the law firm of Foley, Bezek, Behle & Curtis, LLP as additional counsel for the National Class and the Oregon and California Subclasses.

D.      Setting a trial by jury for all issues so triable.

### Injunctive / Equitable Relief

### (National Class - All claims)

E.      For a temporary and permanent injunction enjoining Defendants from engaging in any further misconduct at issue in this action nationwide, and within any Class State. Specifically, Defendants should be enjoined from mislabeling and marketing the Accused VSI Products as alleged in this Complaint.

F.      For reimbursement of the reasonable costs, disbursements, and litigation expenses incurred by Plaintiffs and the Class necessary to obtain injunctive relief.

### Injunctive / Equitable Relief

### (Oregon Subclass - ORS 646.608 *et seq.*)

G.      For a temporary and permanent injunction enjoining Defendants from engaging in any further violations of ORS §646.608 *et seq.* pursuant to ORS §646.638(8)(c).

### (California Subclass - Cal.Civ.Code § 1750 *et seq.*)

Page 30    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

H.      For a temporary and permanent injunction enjoining Defendants from engaging in any further violations of Cal.Civ.Code § 1750 *et seq.* within the state of California pursuant to Cal.Civ.Code § 1780(2).

### **(Cal. Bus. & Prof. Code - §17200 *et seq.* and §17500 *et seq.*)**

I.      An order enjoining Defendants from further violations of the above provisions pursuant to Cal.Civ.Code §17203 and §17204.

J.      For disgorgement and restitution to Plaintiff and the members of the California Subclass of all monies wrongfully obtained and retained by Defendants; and

K.      For interest on the money wrongfully obtained from the date of collection through the date of entry of judgment in this action.

### **Monetary Damages**

### **(National Class)**

L.      Monetary damages incurred by Members of the National Class as a result of Defendants' breach of contract, with interest except for members of the State of Oregon Subclass.

M.      Monetary damages incurred by Members of the National Class as a result of Defendants' breach of warranty, with interest, except for members of the State of Oregon Subclass.

**Dated:**  July 22, 2014.

Page 31    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Rick Klingbeil, PC

/s/ Rick Klingbeil

_____
Rick Klingbeil, OSB #933326
Of Attorneys for Plaintiffs
2300 SW First Ave., Ste. 101
Portland, Oregon  97201
P: 503-473-8565
rick@klingbeil-law.com

Additional Attorneys:

Brooks F. Cooper, OSB #941772
Brady Mertz, OSB #970814
Foley Bezek Behle & Curtis, LLP
(*Pro hac vice* applications to be submitted)

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com