Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fx: 503-427-9001

of Attorneys for Plaintiff
Additional attorneys listed on final page

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **LEE WALTERS, MD**, an Oregon resident,<br><br>              **Plaintiff,**<br>      v.<br><br><br>**VITAMIN SHOPPE INDUSTRIES, INC.,** a Delaware corporation,<br><br>              **Defendant**. | Case No. 3:14-cv-00254-HZ<br><br>**AMENDED CLASS ACTION ALLEGATION COMPLAINT**<br><br>**(1) Breach of Contract and Warranty**<br>**(2) Fraud by Uniform Written**<br>      **Misrepresentation and Omission**<br>**(3) State Unlawful Trade Practices**<br>**(4) Unjust Enrichment**<br>**(3) Injunctive Relief**<br><br>   **JURY TRIAL DEMANDED** |

Plaintiff individually and on behalf of the Class and Subclass described below,

through counsel alleges as follows:

### NATURE OF THE CASE

1.      This is a proposed class action. Plaintiff, on behalf of himself and all

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

similarly situated persons seek money damages and injunctive relief based on Defendant's acts and omissions. This includes claims for breach of contract and warranty, unjust enrichment, false advertising and injunctive relief for class members, and relief for a state of Oregon subclass based on violations of that state's consumer protection statutes related to unlawful or unfair trade practice acts.

2.      The claims relate to the marketing and sales of "THE Vitamin Shoppe" dietary supplements that are marketed, labeled, and sold with the inaccurate or misleading representation on the packaging that they provide a certain milligram ("mg") dosage per tablet, capsule, or unit; and inaccurate or misleading statement that the package contains a particular milligram quantity of supplement.

3.      The products at issue are supplements sold under the "THE Vitamin Shoppe" trade name and label.  These include but are not limited to Activated Charcoal (100 qty., 520 mg, 560 mg), Ascorbyl Palmitate (100 and 300 qty., 500 mg), BioCell Collagen with Hyaluronic Acid (60, 180 qty., 1000 mg), C-1000 - Easy to Swallow (300 qty., 1000 mg), C-2000 Complex (100 and 300 qty., 2000 mg), Calcium 1000 (300 qty., 1000 mg), Calcium 1000 - Easy to Swallow (100 and 300 qty., 1000 mg), Calcium Chocolate Chews (60 qty., 1000 mg), Calcium Caramel Chews (60 qty., 1000 mg), Coral Calcium (90 and 180 qty., 1500 mg), L-Arginine-Ornithine (300 qty., 2000 mg), Melatonin Gummies (60 qty., 5 mg), Red Yeast Rice (240 qty., 1200 mg), SAMe 200 Mg S-Adenosyl-L-Methionine (50 qty., 200 mg), Vitamin C Gummies (60 qty., 250 mg), and Wheat Grass (500 qty., 500 mg). ("Accused VSI Products").

4.      Concurrent with filing this Amended Complaint for injunctive relief related

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

to conduct within the state of Oregon, Plaintiff provided the required notice to

Defendant VITAMIN SHOPPE INDUSTRIES, INC., pursuant to ORCP 32 H. Plaintiff

has not included a claim for money damages for violations of Oregon law or statute in

this Amended Complaint.

## THE PARTIES

5.      Plaintiff / Class representative LEE WALTERS ("WALTERS") is an

individual who resided in the state of Oregon and purchased one or more of the

Accused VSI Products within Oregon during the applicable class period.

6.      Defendant VITAMIN SHOPPE INDUSTRIES, INC. ("VSI"), is incorporated

in Delaware, and headquartered at 2101 91st Street, North Bergen, New Jersey.

7.       VSI is a retailer of nutritional products. Sales of both national brands and

proprietary brands of vitamins, minerals, herbs, specialty supplements, sports nutrition

and other health and wellness products ("VMS products") are made through more than

600 retail stores, the internet, and mail order catalogs to customers located primarily in

the United States. VSI  operates from VSI headquarters in North Bergen, New Jersey.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367(a)

and §1332, because: (a) Plaintiff is a resident of Oregon and Defendant is a Delaware

corporation with its principal place of business in New Jersey, and (b) the damage

claims exceed $75,000 in the aggregate.

9.      This Court also has subject matter jurisdiction purusant to 28 U.S.C.

§1332(d)(2), the "Class Action Fairness Act." On information and belief, there are over

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

100,000 Class members in the proposed Class, over 10,000 members in the proposed Oregon Subclass, the amount in controversy exceeds $5,000,000, and Plaintiff and substantially all members of the Class are citizens or residents of different states than Defenadant.

10.     This Court has personal jurisdiction over Defendant because it does business in the state of Oregon and this District and a significant portion of the wrongdoing alleged in this complaint took place here. Defendant has intentionally availed itself to markets and customers in the state of Oregon and this District through the presence of retail stores, marketing and promotion, and sales of products. Defendant has contacts with this state and District sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11.     Venue is proper within the state of Oregon and this District pursuant to 29 U.S.C. §1391.

**DEFENDANT'S CONDUCT**

12.     During the class period VSI sold both the "house brand" VSI Products labeled with the "THE Vitamin Shoppe" trade name on the label, and competing nutritional supplements and products labeled with the trade or brand names of other manufacturers. Typically, a particular type of nutritional supplement such as VSI's house brand Vitamin C will be shelved near or adjacent to the same or similar product offering by a competitor.

13.     The face or front facing portion of packaging for nutritional products is

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

called the "Principal Display Panel" by the United States Food and Drug Administration ("FDA").  This is further defined by the FDA as: "the portion of the package that is most likely to be seen by the consumer at the time of display for retail purchase."

14.     The Principal Display Panel provides information that allows purchasers to comparison shop between various manufacturers and brands of the same or similar VMS product.  This information typically includes: (1) the type or name of the VMS product, (2) the quantity or amount of the active ingredient, typically in milligrams (mg), (3) the number of tablets, capsules, or other individual units contained within the package, and (4) price.

15.     By shelving same or similar VMS products near or adjacent to each other, and with the Principal Display Panels of each package or container turned to face toward the consumer, VSI provides consumers an opportunity to use the Principal Display Panels as a means to compare prices and cost per unit of its VSI Product with competing product from other manufacturers.

16.     An example of the Principal Display Panel from an Accused VSI Product (L-Arginine-Ornithine, 2000 mg) is below:



17.     Another example of a Principal Display Panel from an Accused VSI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Product (Calcium 1000 mg) is below:



18.    The Principal Display Panels for these and other Accused VSI Products materially misrepresent the quantity and characteristics of the contents, and create a substantial likelihood of confusion in potential purchasers as to the quantity of supplement being purchased.

19.    Plaintiff and each Class member formed a contract with Defendant when they purchased one or more of the Accused VSI Products.  The terms of the contract included representations of fact made by Defendant on the Principal Display Panels of the Accused VSI Products purchased. This included representations of: (1) the type or name of the VMS product, (2) the quantity or amount of the active or represented main ingredient, (3) the number of tablets, capsules, or other individual units contained within the package, and (4) price. The information on Defendant's label constituted an express warranty, was part of the basis of the bargain and a contract between Plaintiff / Class Members, and Defendant.

20.    For example, Defendant's Principal Display Panel on packaging of its L-

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Arginine-Ornithine stated a quantity of "2000 mg", and that the package contained "300 capsules".  This package is designed to, and does lead an average reasonable consumer to conclude that the package contains 300 capsules each containing 2000 mg of L-Arginine-Ornithine, or a total of 600,000 mg.

21.    Instead, the package contained 300 capsules that each provide only 1000 mg of L-Arginine-Ornithine, or a total of 300,000 mg.

22.    In much smaller type the on "Supplemental Facts Panel", located on the back of the bottle and shelved to face away from the consumer, Defendant indicated that "serving size" was two capsules. The 2000 mg representation on the Principal Display Panel was therefore based on this "serving size." Nothing on the Principal Display Panel indicated that the 2000 mg dosage was predicated on consumption of more than one capsule, or that it was not an accurate representation of the quantity of L-Arginine-Ornithine per capsule.

23.    Similarly, the Principal Display Panel on packaging for Defendant's Calcium 1000 mg Carmel Chews represented that the package contained "Calcium 1000 mg Caramel Chews" and that "60 SOFT CHEWS" were inside the package.

24.     Instead, the package contained 60 soft chews that each contained 500 mg of calcium.

25.    In much smaller type the on "Supplemental Facts Panel", located on the back of the packaging and shelved to face away from the consumer, Defendant indicated that a "serving size" was two soft chews. The 1000 mg representation on the Principal Display Panel was therefore based on this "serving size" of two soft chews.

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Nothing on the Principal Display Panel indicated that the 1000 mg dosage was predicated on consumption of more than one soft chew, or that it was not an accurate representation of the quantity of Calcium per each soft chew.

26.    Defendant's conduct is particularly misleading and confusing because on other some of the other VSI Products with "serving sizes" greater than one, it disclosed that fact on the Principal Display Panel. Examples are provided below for Easy to Swallow C-1000 and Calcium 1000 softgels, both of which indicated "Per 2 Softgels" on the Principal Display Panel adjacent to the quantity, as indicated by the red arrow (added for purposes of this Complaint):

 

27.    The table below provides shows some of the Accused VSI Products, and compares the represented quantity of active ingredient with the actual quantity per unit:

| Product name / Active Ingredient | Units Per Package | Stated Quantity per Unit (mg) | Actual Quantity per Unit | Percent Shortfall |
|---|---|---|---|---|
| Activated Charcoal | 100 | 520, 560 | 260, 280 | 50 |
| Ascorbyl Palmitate | 100, 300 | 500 | 250 | 50 |

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

| | | | | |
|---|---|---|---|---|
| BioCell Collagen | 60, 180 | 1000 | 500 | 50 |
| C-1000 - Easy to Swallow | 300 | 1000 | 500 | 50 |
| C-2000 Complex | 100, 300 | 2000 | 1000 | 50 |
| Calcium 1000 | 300 | 1000 | 500 | 50 |
| Calcium 1000 - Easy to Swallow | 100, 300 | 1000 | 250 | 75 |
| Calcium Chocolate Chews | 60 | 1000 | 500 | 50 |
| Calcium Caramel Chews | 60 | 1000 | 500 | 50 |
| Coral Calcium | 90, 180 | 1500 | 500 | 66.67 |
| L-Arginine-Ornithine | 300 | 2000 | 1000 | 50 |
| Melatonin Gummies | 60 | 5 | 2.5 | 50 |
| Red Yeast Rice | 240 | 1200 | 600 | 50 |
| SAMe 200 | 50 | 200 | 100 | 50 |
| Vitamin C gummies | 60 | 250 | 125 | 50 |
| Wheat Grass | 500 | 500 | 72 | 85.6 |

## INDIVIDUAL ALLEGATIONS

28.     Plaintiff / Oregon Sub-Class Representative WALTERS is an Oregon

resident, who within the class period purchased one or more of the above Accused VSI

Products from a VSI store located within the state of Oregon. At the time of the

purchase, WALTERS was unaware that the package he purchased misrepresented the

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

amount of milligrams per unit of the product, or the overall amount of the supplement contained within the package.

29.     WALTERS relied upon the information contained on the Principal Display Panel relating to the quantity of product within the package when making his purchasing decision.  He would not have purchased the Accused VSI Product if the actual amount of product per unit had been disclosed to him on the Principal Display Panel.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action for himself, and on behalf all similarly situated persons who purchased one or more of the Accused VSI Products within the United States, and within the Class State as the Court may determine appropriate for class certification treatment pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

31.     The Class and Subclasses of persons that Plaintiff seeks to represent are defined as:

    (a)     The "Nationwide Class" defined as:

            all persons within the United States who at any time during the applicable class period purchased one or more of the Accused VSI Products from a retail store, through the internet, or catalogues.

    (b)     "Oregon Subclass" defined as:

            all Oregon residents who at any time during the applicable class period purchased one or more of the Accused VSI

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Products from a retail store, through the internet, or catalogues.

32.    Excluded from the National Class and the Oregon Subclasses is: (a) any Defendant, person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with Defendant, and any current employee of Defendant; (b) all persons who make a timely election to be excluded from the proposed Class; (c) the judge(s) to whom this case is assigned and any immediate family members thereof; and (d) the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

33.    Plaintiff's breach of contract and breach of warranty claims are appropriate for class-wide certification and treatment because as class representative he can prove the elements of his claim on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

34.     The claims Plaintiff as Oregon Subclass representative are appropriate for sub-class certification and treatment because he can prove the elements of their claim on a sub-class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same Oregon Subclass claims.

35.    Numerosity Under Rule 23(a)(1). Members of the National Class and the Oregon Subclass are so numerous that joinder of all members individually into one action, or into individual state-wide class actions, or otherwise is impractical. On information and belief, the National Class consists of substantially more than 50,000

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

members, and the Oregon Subclass likely exceeds 10,000 members.

36.     Commonality and Predominance under Rule 23(a)(2) and (b)(3). Common questions of law and fact are shared by Plaintiff and members of the National Class and the Oregon Subclass which predominate over any individual issues.

37.     For the National Class, common issues of law include:

a.     Was a contract was formed between Defendant and the Class Members?

b.     If a contract was formed, what were its terms?

c.     If a contract was formed, did Defendant breach any of its terms?

d.     What statute of limitation applies to the contract claims?

e.     What is the appropriate measure of damages for Defendant's breach of contract?

f.     Is specific performance a proper remedy for Defendant's breach of contract?

g.     Did the labels on the Accused VSI Products create an express or implied warranty?

h.     If the labels on the Accused VSI Products created a warranty, what were the terms?

i.     If a warranty was created, did Defendant breach its terms?

j.     What statute of limitation applies to the breach of warranty claims?

k.     What is the appropriate measure of damages for Defendant's breach of warranty?

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

l.    Is specific performance a proper remendy for Defendant's breach of warranty?

m.    Is the National Class entitled to an injunction or other equitable relief?

38.    For the State of Oregon Subclass ("Oregon Subclass"), common questions of law and fact include each of the above common questions of law and fact applicable to the National Class, and in addition:

n.    Did Defendant represent that its goods have characteristics, ingredients, uses, benefits, quantities or qualities that they do not have in violation of ORS 646.608(1)(e)?

o.    Did Defendant represent that goods are of a particular standard, quality, or grade if they are of another in violation of ORS 646.608(1)(g)?

p.    Did Defendant makes a false or misleading representation of fact concerning the offering price of, or the cost for goods in violation of ORS 646.608(1)(s)?

q.    Did Defendant engage in unfair or deceptive conduct in trade or commerce in violation of ORS 646.608(1)(u)?

39.    Each of the Plaintiff's / Class Representatives' claims are typical of the claims of the members of the National Class. Each National Class claim arises from the same type events, practices, and course of conduct by Defendant -- the marketing and sales of the Accused VSI Products. The legal theories asserted by Plaintiff / Class

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Representatives are the same as the legal theories that will be asserted on behalf of the National Class -- money damage claims for breach of contract or warranty and claims for injunctive relief.

40.    Plaintiff's claims as Subclass Representative for each State Subclass are typical of the claims of the members of the Oregon Subclass.  The claims arise from the same type events, practices, and course of conduct by Defendant -- the marketing and sales of the Accused VSI Products. The legal theories asserted by Plaintiff as Oregon Subclass Representative are the same as the legal theories asserted by the members of the Oregon Subclass.

41.    Plaintiff is willing and prepared to serve the Court as representatives for the National Class and the Oregon Subclass to which he belongs in a representative capacity with all of the required material obligations and duties. Plaintiff will fairly and adequately protect the interests of the National Class and the Oregon Subclass to which he belongs, and have no interests adverse to or which directly or irrevocably conflict with the other members of the National Class or the Oregon Subclass.

42.    Plaintiff's self-interests are co-extensive with, and not antagonistic to those of the absent members of the National Class and the members of the Oregon Subclass. The proposed representative will represent and protect the the interests of the absent National Class and the Oregon Subclass.

43.    Plaintiff has engaged the services of the following counsel and law firms: Rick Klingbeil, PC; Brooks Cooper, attorney at law; and Brady Mertz, PC.  Counsel are experienced in litigation, complex litigation, and class action cases, and will protect the

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

rights of and otherwise effectively represent the named class representatives and absent National Class and Oregon Subclass members. Plaintiff has also retained the law firm of Foley, Bezek, Behle & Curtis, LLP who are expected to apply for permission to appear *pro hac vice* in this District before this court and as co-counsel in this matter. Foley, Bezek, Behle & Curtis, LLP are experienced in complex litigation and class action lawsuits.

44.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The operative facts relating to Plaintiff and members of the National Class and each State Subclass are the same, the damages suffered by the Oregon Subclass members are relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class and Oregon Subclass to individually redress the wrongs done to them, and proceeding as a class action will resolve hundreds of thousands of claims in a manner that is fair to Defendant and Class Members. There will be no difficulty in the management of this case as a class action with a National class consisting of members from all states, and an Oregon Subclass consisting of the same individuals who reside in the state of Oregon.

45.     Class members may be notified of the pendency of this action by several means, including posted notice at Defendant's places of business and retail stores, its website, its catalogues, and on promotional websites and social media related to Defendant's business. Defendant has recorded identifying details of many class members through customer-established "accounts". To establish a customer account, a

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

class member provides their full name, address, and sometimes phone number, and a

a billing address. Customer accounts retain and save an account holder's order history,

which would show their purchases of any Accused VSI Product.  The order history and

contact information would allow an efficient and direct method of providing notice to a

substantial percentage of the class.  Class members may also be notified directly

based on charge and banking card records used in the transactions, and if deemed

necessary or appropriate by the Court, through published notice.

46.     The prosecution of separate actions by individual Class and Subclass

members would create a risk of inconsistent or varying adjudications with respect to

individual members, which would establish incompatible standards of conduct for

Defendant. Defendant has acted on grounds that apply generally to the Class and the

Oregon Subclass making equitable relief and relief based on breach of contract and

warranty appropriate to the Class as a whole.

**NATIONAL CLASS**

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

47.     On behalf of himself and the members of the National Class, Plaintiff /

Class Representative realleges paragraphs 1 through 46, and further alleges:

48.     Defendant's packaging, display, and offer to sell its Accused VSI Product

was an offer.

49.     The terms of Defendant's offer were that if Plaintiff or a Class Member

paid the marked price, they would receive a package containing a certain quantity of

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

tablets, capsules, gelcaps ("units"), and that each of those units would contain the number of milligrams of the ingredient at issue. The number of units, and the milligrams of ingredient were indicated on the Principal Display Panel.

50.    Plaintiff and Class Members accepted Defendant's offer when they purchased one or more of the Accused VSI Products.

51.    Defendant breached the terms of the contract. Each unit of Accused VSI Product contained half or less of the number of milligrams of the ingredient represented on the Principal Display Panel.

52.    Further, each Accused VSI Product contained half or less of the total number of milligrams of the ingredient represented on the Principal Display Panel.

53.    Plaintiff and Class Members are entitled to their damages incurred as a result of Defendant's breach.  At this time, the Oregon Subclass does not seek monetary damages, but only injunctive relief.

**NATIONAL CLASS**

**SECOND CLAIM FOR RELIEF**

**(Breach of Warranty)**

54.    On behalf of himself and the members of the National Class, Plaintiff / Class Representative realleges paragraphs 1 through 53, and further alleges:

55.    Representations made on the Principal Display Panel of the Accused VS Products created a warranty.

56.    Defendant warranted that the Accused VSI Product contained the stated number of units and that each of those would contain the stated number of milligrams

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

of the ingredient represented on the Principal Display Panel.

57.    Defendant further warranted that each package of Accused VSI Product contained the total number of milligrams of the ingredient represented on the Principal Display Panel.

58.    Defendant breached the warranty because each of the units contained less than half of stated number of milligrams of the ingredient represented on the Principal Display Panel.

59.    Defendant also breached the warranty because each package of Accused VSI Product contained half or less of the total number of milligrams of the ingredient represented on the Principal Display Panel.

60.    Plaintiff and Class Members are entitled to their damages incurred as a result of Defendant's breach of warranty, or otherwise entitled to be made whole. At this time, the Oregon Subclass does not seek monetary damages, but only injunctive relief.

**OREGON SUBCLASS**

**CLAIM FOR RELIEF**

**(ORS §646.608 - Unlawful Trade Practices)**

61.    On behalf of himself and the Oregon Subclass, WALTERS realleges paragraphs 1 through 60, and further alleges:

62.    By engaging in the practices desribed herein, Defendant has violated, and continues to violate the Oregon Unlawful Trade Practices Act, ORS §646.608 in at least the following respects:

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

a.      in violation of ORS §646.608(1)(e), Defendant has represented that goods have characteristics, ingredients, quantities or qualities that they do not have;

b.      in violation of ORS §646.608(1)(g), Defendant has represented that goods are of a particular standard, quality, or grade, when they are of another;

c.      in violation of ORS §646.608(1)(s), Defendant has made false or misleading representations of fact concerning the offering price of, or the persons cost for goods;

d.      in violation of ORS §646.608(1)(u), Defendant has engaged in unfair or deceptive conduct in trade or commerce proscribed by rules established by the Oregon Attorney General.

63.     WALTERS and Oregon Subclass Members are entitled to injunctive relief pursuant to ORS §646.638(8)(c).

64.     Concurrent with filing this Complaint for injunctive relief related to conduct within the state of Oregon, Plaintiff has provided the required notice to Defendant pursuant to ORCP 32H. Plaintiff anticipates amending this action after 30 days to add a request for money damages for claims arising in Oregon if necessary.

## REQUEST FOR RELIEF

Plaintiff seeks the following for himself, the National Class, and the Oregon Subclass members:

### Case Management

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

A.      Certifying this action as a class action as set forth above, or as a class action or issue class as otherwise deemed appropriate by the Court pursuant to a Motion to Certify Class Action to be filed by Plaintiff in this case;

B.      Appointing Plaintiff as a Representative for both the National Class and the Oregon Subclass.

C.      Approving counsel listed herein as class counsel and approving, upon their admission *pro hac vice* in this matter, the law firm of Foley, Bezek, Behle & Curtis, LLP as additional counsel for the National Class and the Oregon Subclass.

D.      Setting a trial by jury for all issues so triable.

### Injunctive / Equitable Relief

### (National Class - All claims)

E.      For a temporary and permanent injunction enjoining Defendant from engaging in any further misconduct at issue in this action nationwide, and within the State of Oregon. Specifically, Defendant should be enjoined from mislabeling and marketing the Accused VSI Products as alleged in this Complaint.

F.      For reimbursement of the reasonable costs, disbursements, and litigation expenses incurred by Plaintiff and the Class necessary to obtain injunctive relief.

### Injunctive / Equitable Relief

### (Oregon Subclass - ORS 646.608 *et seq.*)

G.      For a temporary and permanent injunction enjoining Defendant from engaging in any further violations of ORS §646.608 *et seq.* pursuant to ORS §646.638(8)(c).

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

**Monetary Damages**

**(National Class)**

H.     Monetary damages incurred by Members of the National Class as a result of Defendant's breach of contract, with interest except for members of the Oregon Subclass.

I.     Monetary damages incurred by Members of the National Class as a result of Defendant's breach of warranty, with interest, except for members of the Oregon Subclass.

**Dated:**  November 3, 2014.

Rick Klingbeil, PC

/s/ Rick Klingbeil

_____
Rick Klingbeil, OSB #933326
Of Attorneys for Plaintiff
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565

Additional Attorneys:
Brooks F. Cooper, OSB #941772
Brady Mertz, OSB #970814
Foley Bezek Behle & Curtis, LLP
(*Pro hac vice* applications to be submitted)

AMENDED CLASS ACTION ALLEGATION COMPLAI

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com