Brad S. Daniels, OSB No. 025178
bsdaniels@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380

David M. Harris (*Pro Hac Vice*)
dmh@greensfelder.com
Abby L. Risner (*Pro Hac Vice*)
alr@greensfelder.com
Dawn M. Johnson (*Pro Hac Vice*)
dmj@greensfelder.com
Daniel R. Garner (*Pro Hac Vice*)
drg@greensfelder.com
GREENSFELDER, HEMKER & GALE
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 241-9090

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| JOHN MARTIN KEARNEY, an Oregon resident; ROBIN A. BECK, a Colorado resident; CARLY LaFOREST, a Michigan resident; SHANE ALLPORT, a Michigan resident; ALYSIA ROWE, a Michigan resident; JANE ROE, a California resident; JOHN DOE, a Washington resident on behalf of themselves and all similarly situated persons, | Case No.: 3:14-cv-00254-HZ **DEFENDANT EQUILON ENTERPRISES LLC'S MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT** Request for Oral Argument |
| Plaintiffs, | |
| v. | |
| EQUILON ENTERPRISES LLC, a Delaware corporation dba SHELL OIL PRODUCTS US, | |
| Defendant. | |

Page 1  -  **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 1 of 20

## LOCAL RULE 7-1(a) COMPLIANCE

Pursuant to LR 7-1(a), counsel for Defendant has conferred in good faith with Plaintiffs' counsel regarding this motion via telephone conference, and Plaintiffs' counsel advised that Plaintiffs oppose this motion.[1]

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Equilon Enterprises LLC ("Equilon") respectfully moves to dismiss Plaintiffs' Amended Class Action Allegation Complaint ("Complaint") on the ground that Plaintiffs have not stated claims upon which relief can be granted.  Further, Plaintiffs' state law claims should be dismissed for the additional reason that they are not sufficiently pled pursuant to Rule 9(b).

In support of these motions, Equilon relies upon the accompanying memorandum, the referenced exhibits, and all the pleadings on file with this Court.

---

[1] Plaintiffs' counsel indicated that he would be filing an amendment to identify the class representative for the California subclass, but that amendment has not yet been filed.  Equilon also informed Plaintiffs that its allegation that Equilon owns and operates stations should be withdrawn because Equilon has not owned or operated stations in the Class States for a number of years.

Page 2   -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 2 of 20

## MEMORANDUM OF FACTS AND LAW

### INTRODUCTION

Plaintiffs are consumers who allegedly purchased motor fuel at Shell-branded motor fuel stations in Oregon, California, Washington, Colorado or Michigan.   According to Plaintiffs' allegations, these sites can be owned or operated by Equilon or non-parties, namely, independent wholesalers and dealers.   Plaintiffs' claims arise out of a promotion offered at some, but not all, Shell-branded motor fuel stations in those states, referred to as "Ski Free."   Plaintiffs assert a breach of contract claim on behalf of a national class, as well as subclass claims under various state consumer protection laws, seeking damages and injunctive/equitable relief.

Plaintiffs' claims, however, are not plausible on their face for at least four reasons.   First, Plaintiffs' claim for breach of contract hinges on a purported offer identified in the Complaint as a banner displayed at certain Shell-branded motor fuel stations.   That banner cannot amount to a binding offer because it lacks any specificity as to the terms of the alleged agreement.   That a contract was formed based on the banner is refuted by the facts alleged by Plaintiffs, including the banner itself.   Without a valid contract, Plaintiffs cannot state a plausible claim for breach of contract.

Second, the Washington and California consumer protection claims lack a real party, i.e., a named class representative, to assert the claims, and are brought on behalf of fictitious persons in the apparent hope of substituting a real person at a later date.

Third, the state consumer protection claims are not sufficiently plead under Rule 9(b).   The fatal defect of these claims is that they lack the specific who, what, when, where and how as to the alleged conduct.

Fourth, to establish the state consumer protection claims, Plaintiffs fail to plead that they viewed and actually relied on the alleged misrepresentation.   The California Consumers Legal

Page 3   -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 3 of 20

Remedies Act claim also fails to include the required affidavit.  Accordingly, for the reasons discussed below, the Complaint should be dismissed because the claims fail as a matter of law.

<u>FACTUAL BACKGROUND</u>

Equilon markets motor fuel under the "Shell" brand for resale.  (Comp. ¶ 17.)  According to Plaintiffs, the seller of the fuel can be Equilon (*Id.* ¶ 16.) or a system of independent wholesalers and dealers.  (*Id.* ¶ 17.)  Plaintiffs are alleged purchasers of Shell-branded motor fuel in the states of Oregon, California, Washington, Colorado and Michigan.  (*Id.* ¶¶ 27-36.)

Plaintiffs allege that some, but not all, Shell-branded motor fuel stations in Oregon, California, Washington, Colorado and Michigan offered a Ski Free promotion.  (*Id.* ¶ 18.)  Plaintiffs claim that a banner advertisement "posted at each participating Shell-branded station" offered the Ski Free promotion.  (*Id.* ¶ 59.)  Plaintiffs allege that the putative class purchased fuel at the station.  (*Id.* ¶ 27.)  After purchasing and paying for the fuel, Plaintiffs allege that they requested from the station a voucher and were presented with the voucher.  (*Id.* ¶¶ 20, 27.)

Plaintiffs contend that, based on the alleged offer in the banner advertisement, they should have received an unconditional voucher that "could be directly exchanged for a 'free' lift ticket at a participating resort or otherwise."  (*Id.* ¶ 62.)  Advertisements at the stations and the voucher provided to the putative class members contained a number of disclosures, including, among others, that it allowed the holder to obtain a lift ticket by purchasing a second lift ticket at full prices at a participating resort and it could be redeemed only on certain limited days and times, depending on the ski resort at issue.  (*Id.* ¶¶ 20-22.)  The voucher referenced by Plaintiffs typically provided as follows:

Exhibit 1 to Colton Decl.
Page 4 of 20





(*See* **Exhibit A**.)[2]

<u>ARGUMENT</u>

I.      **Motion to Dismiss Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a claim does not give fair notice of its grounds or if its factual allegations do not plausibly suggest that the plaintiff has a right to relief, dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must generally take all of the factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. But the Court

---

[2] *See In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *infra*.

Page 5    -    **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 5 of 20

need not accept as true bare legal conclusions couched as factual allegations. *Id.* ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  Under the "incorporation by reference" doctrine, the Court may not only consider the face of the complaint, but also documents referenced extensively in the complaint.  *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1166 (S.D. Cal. 2010) (courts may also consider "materials that are necessarily embraced by the pleadings" and documents incorporated into or that form the basis of the complaint).  As explained below, this standard compels dismissal of Plaintiffs' claims.

## II. The Breach of Contract Claim Must Be Dismissed Because It Fails to Plead a Plausible Claim.

### A. The breach of contract claim fails as a matter of law because the banner cannot constitute an offer.

The banner advertisement that Plaintiffs contend constitutes an offer cannot form the basis of a valid contract and, without pleading a valid contract, Plaintiffs cannot state a claim for breach of contract.

Paragraph 59 alleges that the "banner posted at each participating Shell-branded station was an offer."  Because Plaintiffs reference the banner as the binding offer that formed the purported contract, it is attached.  (*See* **Exhibit B**.)  The following is an exemplar banner:



Page 6    -    **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 6 of 20

Typically a banner only stated, "Ski Free® With Purchase" and "see store for details www.skifreedeals.com." (*See* Ex. B.) Not only does the banner advertisement lack a price term, but it does not identify quantity or *any* terms with specificity, and instead directs the viewer to see the store for details. Under Plaintiffs' own theory, terms of the promotion were not provided until after the alleged offer is accepted. (Comp. ¶¶ 20-25.) These are fatal defects under the applicable legal standards.

"A contract requires a clear and unequivocal acceptance of a certain and definite offer." *Estey & Assoc., Inc. v. McCulloch Corp.*, 663 F. Supp. 167, 173 (D. Or. 1986).[3] "An offer must be certain so that, when an unqualified acceptance occurs, there will be a meeting of the minds as to the obligations that each assumes under the contract." *Simmons v. All American Life Ins. Co.*, 115 Or. App. 409, 412 (1993); *Restatement (Second) of Contracts* § 33 (an offer cannot form a contract "unless the terms of the contract are reasonably certain"). The general rule is that an advertisement does not constitute an offer. *Sherry v. Board of Accountancy*, 212 Or. App. 350, 361 (2007); *Restatement (Second) of Contracts* § 26 (Preliminary Negotiations) cmt. b. Indeed, "[i]ncompleteness of terms is one of the principal reasons why advertisements and price quotations are ordinarily not interpreted as offers," but are treated as preliminary negotiations. Restatement (Second) of Contracts § 33 cmt. c. Courts have refused to find the following promotions to be offers: language about a catalog promotion printed on a box of Pampers; a promotion "offering every business across the country the chance to try Google Tags free for 30 days!"; and a Pepsi television commercial. *Frezza v. Google, Inc.*, No. 5:12cv00237, 2013 WL 1736788, at *3 (N.D. Cal. April 22, 2013); *Alligood v. Procter & Gamble Co.*, 72 Ohio App .3d

---

[3] For purposes of the motion to dismiss, Equilon does not address the choice of law issues that are present in this case as the principles of contract law relied on are not limited to the law of any one state.

Exhibit 1 to Colton Decl.
Page 7 of 20

309 (Ohio Ct. App. 1991); *Leonard v. PepsiCo, Inc.*, 88 F. Supp. 2d 116, 124-25 (S.D.N.Y. 1999) (refusing to find television advertisement to be an offer where not clear, definite and explicit); *see also Zanakis-Pivo v. Cutter Dodge, Inc.*, 47 P.3d 1222, 1238 (Haw. 2002) (advertisement for car financing terms not a binding contractual offer because an advertisement can only be an offer where clear, definite, explicit and leaves nothing open for negotiation).

In *Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010), the Ninth Circuit affirmed the dismissal of a breach of contract claim holding that no claim was stated because there was no offer, but a mere solicitation. The court found that, under California law, "a binding offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id.* at 1205 (quotation omitted) (emphasis original). A binding offer exists only if the "acceptance will leave nothing further to negotiate or do before the contract is effective." *Id.*

That is not the situation here. As is readily apparent, the "offer" is nothing more than an advertisement—wholly lacking any certainty of terms. The phrases "Ski Free with Purchase" and "see store for details" are not specific enough so that agreement to that bargain would conclude it, with nothing further to negotiate or do before the contract is effective. Any reasonable person would assume that there are subsequent (and necessary) terms to come later after the simple "offer" to "Ski Free with Purchase." Such terms may include, *inter alia*, the locations where a person be able to ski and what type of purchase will be required. Obviously this simple banner contemplates that the terms of the agreement, and thus, the agreement itself, will not be an enforceable "contract" until additional details are provided. Contrasted to an advertisement that identifies a definite promise made in exchange for certain consideration, it is

Page 8   -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 8 of 20

clear that the banner relied on by Plaintiffs here—absent any specificity of terms—could not be a binding offer.

Indeed, the banner advises the viewer that there are more details, so there could be no meeting of the minds. *See Boydstun Metal Works, Inc. v. Cottrell, Inc.*, 519 F. Supp. 2d 1119 (D. Or. 2007) ("When one or more terms of a proposed bargain are left open, the parties manifest an intent not to be bound, and their communications should not be understood as an offer or as an acceptance."); *Leonard*, 88 F. Supp. 2d at 124 (no offer where reserved details of terms to be in another source). As a result, the banner is not reasonably certain so that it could be understood as a binding offer. *See Reed v. Montgomery*, 180 Or. 196, 214-22 (1947) (discussing the necessity of the meeting of the minds on essential terms of the contract, and finding the agreement incomplete so not an enforceable contract).

Notably, nowhere do Plaintiffs allege that any of the Plaintiffs even saw the banner so that it could constitute an offer to form a contract with them. Notwithstanding, at most, the banner advertisement was only a preliminary promotional invitation. *See Frezza*, 2013 WL 1736788 at *3 (finding failure to plead the existence of a contract where only promotional materials pleaded, not the terms and conditions of the contract at the time of agreement, and "promotional materials did not constitute binding offers"). As Plaintiffs concede, the voucher contains the terms and conditions for the promotion and, if anything, the voucher—not the banner—defines the terms of the bargain.[4] (*See* Comp. ¶¶ 20-23; Ex. A.) Without a binding offer to form a valid contract, Plaintiffs fail to allege a plausible breach of contract claim (Comp. ¶¶ 58-63.). *Twombly*, 550 U.S. at 555-56.

---

[4] Interestingly, Plaintiffs concede that another document posted at the stations also identified the method and terms for participating in the promotion. (*See* Comp. ¶¶ 23-24.)

Page 9    -    **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 9 of 20

B.   <u>Plaintiffs Fail to Allege Proper Consideration.</u>

Even if Plaintiffs had sufficiently alleged an offer, they cannot establish any consideration given in exchange for the alleged promise.  To state a plausible claim for breach of contract, Plaintiffs must allege a contract supported by proper consideration.  Generally, "past consideration cannot support a contract."  *Passante v. McWilliam*, 53 Cal. App. 4th 1240, 1247 (Cal. Ct. App. 1997).

The only consideration alleged by Plaintiffs is past consideration and is nothing new to form the purported contract.  In association with Plaintiffs' allegations there are really two alleged transactions: First, Plaintiffs purchased motor fuel from stations.  That transaction was the purchase of motor fuel in exchange for payment of the price for the fuel at the price per gallon times the number of gallons purchased.  The consideration paid by Plaintiffs in that agreement is the price for the motor fuel.  Plaintiffs do not allege any breach as to that contract.  Second, Plaintiffs allege a purported contract whereby Plaintiffs purchase ten or more gallons of motor fuel in return for a voucher that could be exchanged for a free lift ticket at a participating ski resort.  (Comp. ¶ 60.)  The consideration by Plaintiffs in that agreement is the purchase of the motor fuel.   (Comp. ¶¶ 60-61.)   Thus, the *very same* consideration is at issue in the second transaction.

The only consideration is Plaintiffs' purchase of the fuel.  The amount paid for fuel remained the same, regardless of whether a consumer requested and received a voucher or not.  The fact that the price did not vary if a voucher was or was not received reinforces the lack of consideration.  Under controlling law, without consideration to form a second alleged agreement (which prior consideration cannot satisfy), the contract claim must be dismissed (Comp. ¶¶ 58-63.).

Page 10  -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 10 of 20

### III.     The California and Washington Claims Asserted on Behalf of "Jane Roe" and "John Doe" Should Be Dismissed.

Plaintiffs' Amended Complaint takes the unprecedented step of alleging California and Washington consumer protection act class action claims on behalf of *fictitious* plaintiffs—"Jane Roe" and "John Doe." (Comp. at 1, ¶¶ 14-15.)  This ploy should be rejected out of hand.  As demonstrated below, pleading and standing deficiencies cannot be cured by conjuring up a flawless hypothetical plaintiff and, absent a real person to assert them, the California and Washington claims should be dismissed.

Not surprisingly, in the rare cases when it has been attempted, this exact strategy has been rejected by courts.  *See Goldberg v. Corcoran*, 518 N.Y.S.2d 81, 82 (N.Y. Sup. Ct. 1987) (holding that a fictitious plaintiff could not be a representative of a class, because "[i]n every action there must be a real plaintiff, and to maintain a civil action it is necessary that plaintiff be a person in law, an entity, which the law of the forum can recognize as capable of possessing and asserting a right of action") (citation omitted); *see also Annuity, Pension, Welfare & Training Funds v. Angel Constr. Group, LLC*, No. 08-CV-4760 (SJ)(JO), 2009 WL 6047130 at *4 n.1 (E.D.N.Y. Sept. 8, 2009) ("In the absence of such actual individual clients, the filing of a lawsuit in the names of "John and Jane Doe' would raise very troubling issues of Article III standing and an attorney's duty of candor to the court.").

The bases for rejecting this strategy are clear.  Even when a named class representative is an actual human being, the representative plaintiff must meet at least two foundational requirements.  First, he must state a valid claim in his own right.  *See In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*, 272 F. Supp. 2d 243, 255 (S.D.N.Y. 2003) ("It is axiomatic that a putative class representative must be able to individually state a claim against defendants, even though he or she purports to act on behalf of a class."); *Hall Special Situations*

Page 11   -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 11 of 20

*Inv. Fund v. Basix Corp.*, No. 91-CV-1202 (CSH), 1994 WL 132235 (S.D.N.Y. Apr. 14, 1994) ("Where the named plaintiff in a class action suit fails to state a claim upon which relief could be granted, the complaint must be dismissed" and he "should not be able to defeat a meritorious motion to dismiss by styling his complaint as a class action."). If the named representative fails to assert a plausible claim, it is irrelevant that other unnamed members of the purported class— who are not parties to the case—may have valid claims. *See Kamath v. Robert Bosch LLC*, 2014 WL 2916570, * 5 (C.D. Cal. 2014) ("[A]t the motion to dismiss stage, the Court only considers allegations pertaining to the named plaintiff because a putative class action cannot proceed unless the named plaintiff can state a claim for relief as to himself.").

Second, the named class representative must have standing, and he cannot rely on absent putative class members to remedy standing defects. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."). In other words, Plaintiffs "may not use the procedural device of a class action to bootstrap [themselves] into standing [they] lack." *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 694 (E.D. Pa. 1973). "Otherwise, any plaintiff could sue a defendant against whom the plaintiff has no claim in a putative class action, on the theory that some member of the hypothetical class, if a class were certified, might have a claim." *Dash v. FirstPlus Home Loan Trust 1996-2*, 248 F. Supp. 2d 489, 503 (M.D.N.C. 2003).

Here, none of the named class representatives for Oregon, Colorado, or Michigan have standing or the ability to assert a valid claim for violations of California or Washington law, nor do they even attempt to do so. (*See id.* ¶¶ 91-106.) This concession is consistent with prevailing

Page 12  -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION
COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 12 of 20

law. *In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litigation*, 2014 WL 868827, at

\*12 (E.D.N.Y. 2014) ("T]he Court finds that the Plaintiffs may only assert a state claim if a

named plaintiff resides in, does business in, or has some other connection to that state.") (citing

cases).  Recognizing this fundamental deficiency, Plaintiffs attempted to insert fictitious class

representatives for purposes of bringing the California and Washington claims.[5]

Plaintiffs' stratagem has no basis in law.  An attorney cannot simply file a lawsuit on

behalf of a person who does not exist and who, by definition, was never harmed by the alleged

conduct.  How can a fake person demonstrate the requisite injury sufficient to satisfy the case or

controversy requirement, much less assert a plausible claim or satisfy a host of other legal

requirements?  *See, e.g.*, Rule 17(a)(1) ("An action must be prosecuted in the name of the real

party in interest.").[6]  The Court should reject the attempt to assert claims on behalf of a fictitious

party and dismiss the California and Washington claims (Comp. ¶¶ 91-106.).

### IV.    Plaintiffs' State Law Claims Are Not Sufficiently Pled Under Rule 9(b).

Dismissal is appropriate of all subclass state consumer protection claims because they are

fraud-like claims subject to the higher pleading standard of Rule 9(b), which Plaintiffs have not

met.

---

[5] The Complaint does not explain the use of fictional names to describe the California and Washington class representatives.  It is reasonable to conclude they are simply placeholders.

[6] As explained in the Advisory Committee Notes to Rule 17, it is improper to name a fictitious plaintiff in the hope that the attorney will later find a real plaintiff:

> It does not mean, for example, that following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim and have the benefit of suspension of the limitation period.

Fed. R. Civ. Pro. 17 Advisory Committee Notes, 1966 Amendment.

Page 13  -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION
COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 13 of 20

Unlike the liberal pleading standard generally embraced by the federal rules, allegations "which aver fraud are subject to Rule 9(b)'s heightened pleading standard" and "[a]ny averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation omitted); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim."). In order to satisfy the requirements of Rule 9(b), allegations of fraud must be accompanied by "the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. The allegations must be specific enough to give the defendant notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Id.*

The heightened requirements apply with equal force to consumer protection claims. *Kearns*, 567 F.3d at 1125 (holding Rule 9(b)'s heightened pleading standards apply to alleged violations of the CLRA and UCL related to misrepresentations and fraud by seller regarding a certified pre-owned vehicle program); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1049 (C.D. Cal. 2011) (holding Rule 9(b)'s heightened pleading requirements apply to a claim under the FAL regarding allegedly untrue or misleading statements in advertising).

Plaintiffs' state consumer protection claims—grounded in allegations of misrepresentations—are not pled with specificity. Instead, the Complaint completely fails to identify the who, what, when, where and how that form the basis for those claims. At most, Plaintiffs generally plead that the alleged violations occurred "at various times during the class

Page 14 -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION
COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 14 of 20

period," but the class period is never defined.  (Comp. ¶ 18.)  Plaintiffs also generally plead that the alleged conduct occurred at a "substantial number" of stations in the Class States, but never identify a specific station even as to the named class representatives.  (*Id.* ¶ 18.)  The state specific allegations merely identify alleged conduct during the class period at a Shell-branded station, without any specificity as to which station.  (*Id.* ¶¶ 27 (Oregon), 29 (Colorado), 31 (Michigan), 33 (Washington), 35 (California).)

Put simply, Plaintiffs fail to provide "the who, what, when, where, and how of the misconduct alleged" as required by Rule 9(b)'s heightened standard.  *See Kearns*, 567 F.3d at 1125.  Without that specificity, Equilon cannot address the alleged conduct based on a timeframe (i.e., the "when") and determine whether the claim is viable.[7]  Likewise, the "who" to specify the party in the alleged conduct is necessary to allow Equilon to form a response, or determine whether it relates to a nonparty to this litigation.[8]  By failing to satisfy Rule 9(b)'s heightened pleading requirements, the subclass state law claims are insufficient and should be dismissed (Comp. ¶¶ 64-106.).

## V.     The Subclass Claims Should be Dismissed for Failure to State a Claim.

Plaintiffs have failed to state a claim under California's CLRA, UCL or FAL, Colorado's Consumer Protection Act, Oregon Unlawful Trade Practices Act, Washington's Consumer Protection Act or Michigan's Consumer Protection Act by failing to plead reliance on the alleged

---

[7] As one example, Oregon's Unlawful Trade Practices Act has a one year statute of limitations that may be relevant to the "when" that must be alleged by Plaintiffs.  *See* ORS 646.638(6).

[8] While Equilon does not request the Court to consider it for purposes of this motion, the who and other specifics are relevant because Equilon, as the only named defendant, has not sold fuel at retail for many years, instead selling fuel to independent business persons who in turn operate the stations and decide how to sell the fuel, at what price and whether to sell it in combination with a promotion like the only alleged here.

Page 15  -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION
COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 15 of 20

misrepresentations.  This defect is particularly glaring because nowhere do Plaintiffs allege that any of the Plaintiffs even saw the banner on which their consumer protection claims rest.

Under California, Colorado, Oregon and Michigan law, consumers must prove actual reliance on the misrepresentation and harm.  *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326-27 (Cal. 2011) (for standing under UCL and FAL, consumers are required to demonstrate actual reliance on the allegedly deceptive or misleading statements); *Pearson v. Phillip Morris, Inc.*, 257 Or. App. 106, 143 (2013) (concluding that proof of reliance is necessary); *May Dept. Stores Co. v. State ex rel. Woodard*, 863 P.2d 967, 974 (Colo. 1993) (CCPA requires reliance); *In re OnStar Contract Litigation*, 278 F.R.D. 352, 376 (E.D. Mich. 2011) (requiring reliance under the MCPA for the types of claims asserted by Plaintiffs).

Under Washington law, the failure to allege facts sufficient to establish causation is fatal to a WCPA claim.  A plaintiff seeking damages under the CPA must prove a causal link between the unfair or deceptive acts and her alleged injury.  *Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 162 Wash. 2d 59, 78-84 (2007) ("A plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury."); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 793 (1986).  Thus, in a deceptive advertising and misrepresentation case under Washington law, a plaintiff must allege and prove that they were "actually deceived" and would not have purchased the product but for the deception.

Under California's UCL, CLRA and FAL, failing to allege actual reliance is also fatal because, as a result, Plaintiffs cannot establish standing.  *Kane v. Chobani, Inc.*, 12–cv–02425–LHK, 2013 WL 5289253, *9 (N.D. Cal. Sept. 19, 2013) ("Were the Court to hold that Plaintiffs,

Page 16  -    **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 16 of 20

who never viewed the No Sugar Added Representations, have standing to bring claims based solely upon allegations that they would not have purchased a product that was misbranded, purchasers who never 'viewed the defendant's advertising' or misleading labeling would have standing to sue. Such a holding is inconsistent with Proposition 64 and Kwikset."); *Brazil v. Dole Food Co., Inc.*, 12–cv–01831–LHK, 2013 WL 5312418, *8 (N.D. Cal. Sept. 23, 2013) (plaintiffs' "illegal product" theory "fails as a basis for establishing statutory standing under the UCL, FAL, and CLRA.").[9]

Even taking all of Plaintiffs' allegations on their face, Plaintiffs have failed to plead reliance. In general, Plaintiffs allege a banner describing the promotion is posted near or at the stations. (Comp. ¶ 19.) Plaintiffs further allege another document identifying the terms and conditions of the promotion entitled "How to Ski Free®" was posted at participating stations and on internet sites related to the promotion. (*Id.* ¶ 24.) With respect to the subclass representatives, Plaintiffs allege that "within the class period [they] purchased ten or more gallons of fuel at a Shell station located within the state" "with the intention of participating in the 'Ski Free' promotion," and requested a voucher to obtain a free lift ticket. (*E.g.*, Comp. ¶¶ 35-36.) Plaintiffs fail to allege the purchase of fuel was made in reliance on the banner, or even whether the class representative saw the banner or terms and conditions, or purchased fuel at a station with a banner displayed near or on the premises. For the same reasons that they fail the reliance requirement of other states' laws, Plaintiffs' theory also fails to allege facts sufficient to

---

[9] To state a valid claim under the UCL, FAL and CLRA on a misrepresentation theory, Plaintiffs must also show that a "reasonable consumer" is "likely to be deceived" by the allegedly misleading statement. *Brod v. Sioux Honey Ass'n, Co-op.*, 927 F. Supp. 2d 811, 828 (N.D. Cal. 2013); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161-62 (9th Cir. 2012) (finding that a defendant's advertising "was not likely to deceive a reasonable consumer" because the advertising included a legible disclaimer, "[o]ther restrictions may apply").

Page 17  -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 17 of 20

establish causation under Washington law, particularly given that Plaintiffs do not even allege that they saw the advertising.

That failure compels dismissal of the California, Colorado, Oregon, Washington and Michigan claims (*Id.* ¶¶ 64-106.). *See Kearns*, 567 F.3d at 1125 (dismissing CLRA and UCL claims for failure to plead with particularity where the plaintiff failed to specify which advertisements he saw, when he was exposed to them, and which ones he relied upon in making his decision to purchase); *see also Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 925 (N.D. Cal. 2012) (dismissing plaintiff's UCL, CLRA and WCPA claims for failure to identify with the specificity required by Rule 9(b) the affirmative representation in the iPhone display, or that he relied on the information conveyed by the display in making his purchase).

## VI.     The California CLRA Claim Should be Dismissed for Failure to File the Statutorily Required Affidavit.

The California Consumer Legal Remedies Act claim should be dismissed for an additional reason.  Even setting aside Plaintiffs' failure to state a claim under the CLRA, Plaintiffs failed to file the statutorily required affidavit in relation to their CLRA claim.[10] Pursuant to California Civil Code § 1780(d), "[i]n any action [under the CLRA], concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action.  If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice." *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010) (quoting Cal. Civ. Code § 1780(d)) (class action where the court

---

[10] It is not surprising that Plaintiffs have failed to comply with this requirement given that they have not identified a named class representative to assert the California subclass claims.  This defect emphasizes why the California claims must be dismissed absent a named party.

Page 18  -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 18 of 20

previously dismissed the plaintiffs' CLRA claims for failure to file affidavits with their consolidated complaint, and the court dismissed the subsequent cause of action for forty-six of the forty-seven plaintiffs after only one of the plaintiffs filed the required affidavit). Accordingly, the CLRA claim should be dismissed for this additional reason (Comp. ¶¶ 91-93.).

<u>CONCLUSION</u>

For all of these reasons, Plaintiffs' Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted and is not pled sufficiently.


DATED:  July 30, 2014.


/s/ Abby L. Risner
ABBY L. RISNER, *pro hac vice*
alr@greensfelder.com

Attorney for Defendants

Page 19  -   **MOTION TO DISMISS AMENDED CLASS ACTION ALLEGATION
COMPLAINT AND MEMORANDUM IN SUPPORT**

Exhibit 1 to Colton Decl.
Page 19 of 20

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MOTION TO DIMISS PLAINTIFFS'**

**AMENDED COMPLAINT** on the following named person(s) on the date indicated below by

☐   mailing with postage prepaid

☐   hand delivery

☐   facsimile transmission

☐   overnight delivery

☐   email

☒   notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s)

at his or her last-known address(es) indicated below.

Rick Klingbeil                                   Brooks F Cooper
Rick Klingbeil, PC                               Brooks Cooper, AAL
2300 SW First Ave.                               2300 SW First Ave.
Suite 101                                        Suite 101
Portland, OR 97201                               Portland, OR 97201
rick@klingbeil-law.com                           brooks@bcooper-law.com

Brady H. Mertz
Law Office of Brady Mertz
2285 Liberty Street ,NE
Salem, OR 97301
brady@bradymertz.com

     DATED:  July 30, 2014.


                              */s/ Abby L. Risner*
                              ABBY L. RISNER, *pro hac vice*
                              alr@greensfelder.com


                              Attorney for Defendants

Page 1   -   CERTIFICATE OF SERVICE

Exhibit 1 to Colton Decl.
Page 20 of 20