Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fx: 503-427-9001

   of Attorneys for Plaintiff
   Additional attorneys listed on final page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEE WALTERS, MD**, an Oregon resident,<br><br>    **Plaintiff**,<br>v.<br><br>**VITAMIN SHOPPE INDUSTRIES, INC.**, a Delaware corporation,<br><br>    **Defendant**. | Case No. 3:14-cv-01173-PK<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO STRIKE AND SUPPORTING MEMORANDUM** |

Page 1    **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO DISMISS** .....

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

## SUPPLEMENTAL BRIEF

Plaintiff submits the following to assist the Court regarding matters raised at oral argument on Defendant's Motion to Dismiss (Dkt. 35) on February 11, 2015.

**1.** *Do the alleged misrepresentations on the Principal Display Panel ("PDP") violate FDA regulations?*

Yes. 21 C.F.R. 101 governs "Food Labeling" generally. Section 101.1 (all section numbers refer to 21 C.F.R. 101 unless stated otherwise) defines the term "Principal Display Panel" as:

> [T]he part of a label that is **most likely to be displayed, presented, shown, or examined under customary conditions of display for retail sale**. The principal display panel shall be large enough to accommodate all the mandatory label information required to be placed thereon by this part with clarity and conspicuousness and without obscuring design, vignettes, or crowding. **Where packages bear alternate principal display panels, information required to be placed on the principal display panel shall be duplicated on each principal display panel.** For the purpose of obtaining uniform type size in declaring the quantity of contents for all packages of substantially the same size, the term area of the principal display panel means the area of the side or surface that bears the principal display panel, which area shall be: ... In the case of a **cylindrical or nearly cylindrical container**, 40 percent of the product of the height of the container times the circumference.... (Emphasis added.)

Section 101.3, pertaining to "identity labeling of food in packaged form," provides that: "The principal display panel of a food in package form shall bear as one of its principal features a statement of the identity of the commodity."

Section 101.105 states "[t]he principal display panel of a food in package form shall bear a declaration of the net quantity of contents."

Importantly, subsection (c) provides that:

> When the declaration of quantity of contents by numerical count does not give adequate information as to the quantity of food in the package, it shall

Page 2   **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO DISMISS** .....

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

> be combined with such statement of weight, **measure**, or size of the individual units of the foods as will provide such information. 21 C.F.R. 101.105(c). (Emphasis added.)

Finally,

> The declaration shall be located on the principal display panel of the label, and with respect to packages bearing alternate principal panels it shall be duplicated on each principal display panel. *Id.* at 101.105(e).

Specific to dietary supplements, section 101.36, titled "Nutrition labeling of dietary supplements," provides that: "[t]he label of a dietary supplement that is offered for sale shall bear nutrition labeling in accordance with this regulation unless an exemption is provided for the product in paragraph (h) of this section." None of the exemptions set forth in paragraph (h) apply to Defendant here (i.e., Defendant makes in excess of $500,000 annually [section 101.36(h)(1)]; Defendant employs in excess of 100 persons [*id.* at (h)(2)]; supplements at issue did not ship in bulk and were intended for direct sale to consumers [*id.* at (h)(3)]).

In summary, the front facing portion of the package contains the PDP. Section 101.105 requires that the PDP shall contain a declaration as to the "net quantity of contents" and, when such a declaration is a numerical amount (and "does not give adequate information as to the quantity of the food in the package"), it must "give adequate information as to the quantity of food in the package" and "it shall be combined with such statement of weight, **measure**, or size of the individual units of foods." (Emphasis added.)

Here, the PDP on the front of the packages is misleading — it does not provide "adequate information" as to the amount of product (mg) contained in the package. In such a case, *defendant is required to provide a statement of the "measure" of the "individual units" in order to provide adequate information to the consumer.* Per section

Page 3   **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO DISMISS** .....

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

101.105, this information must be provided on the PDP, and must be duplicated on each PDP (if the product has more than one).

Vitamin Shoppe's argument that the information is *supplemented* or *clarified* by the information contained on the information panel on the back of the containers (per 101.36) does not escape the fact that, at the very least, it was required to include the <u>measure of the quantity of each individual unit on the PDP</u>. Based on a plain reading of the Act, "clarifying" information elsewhere on the packaging does not meet this standard.

In other contexts, supplemental information has been found wholly inadequate. *See*, *e.g.*, *Richards v. Home Depot, Inc.*, 456 F.3d 76 (2d Cir. 2006) (in applying Federal Hazardous Substances Act, requirement that warnings be provided on product's "primary panel" are not met when warnings are placed on other information panel located on product). *See also Miller v. Ghirardelli Chocolate Co.*, 2013 U.S. Dist. LEXIS 49733 (N.D. Cal. Apr. 5, 2013).

Moreover, any argument that the information panel is an additional PDP, and therefore Defendant *has* provided the necessary information on a PDP, is defeated by the fact section 101.105(c) states that such declarations "shall be duplicated on *each* principal display panel."

Plaintiff finds no case law to suggest Defendant's contention that the FDA regulations are not applicable here.

2. ***Does the Magnuson-Moss Warranty Act exclude breach of warranty for consumables?***

No. A Magnuson-Moss Warranty Act ("MMWA") claim may be brought by a consumer to enforce the terms of implied or express warranties as to consumables.

Page 4   **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO DISMISS** .....

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

See *Kane v. Chobani, Inc.*, 2013 U.S. Dist. LEXIS 134385, at *39-40 (N.D. Cal. Sept. 19, 2013). In order to bring a cognizable claim under the MMWA, the amount in controversy of an individual claim must be greater or equal to $25, and the number of named plaintiffs must be more than one hundred. 15 U.S.C. § 2310(d)(3)(C). In addition, the MMWA applies only to products that cost more than five dollars. 15 U.S.C. § 2302(e); *see Kane*, 2013 U.S. Dist. LEXIS 134385, at *39-40; *Brazil v. Dole Food Co.*, 935 F.Supp.2d 947, 965 (N.D.Cal. 2013). *See also In re ConAgra Foods, Inc.*, 908 F Supp 2d 1090 (C.D. Cal. 2012) (plaintiffs bringing claim concerning consumable cooking oil, under the MMWA, were given leave to amend to meet FRCP 9(b) pleading requirements when claims sounded in fraud).

In its motion to dismiss, Defendant argues that warranty claims concerning "consumables" are prohibited under Oregon's UCC. Many Ninth Circuit cases that address MMWA claims also address the Song-Beverly Consumer Warranty Act ("SBCWA") under California law, which also excludes claims concerning "consumables." The SBCWA provides that "every sale of consumer goods that are sold at retail in [California] shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. Under the SBCWA, a "consumer good" is defined as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for clothing and consumables." Cal. Civ. Code § 1791(a); *see Brazil*, 935 F.Supp.2d at 965.

Regardless of Oregon and California's state warranty statutes, no such exclusion

/ / / / /

/ / / / /

/ / / / /

Page 5    **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO DISMISS** .....

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

for "consumables" exists for claims under the MMWA. *See*, *e.g.*, *Brazil*, 935 F.Supp.2d at 965; *In re ConAgra Foods, Inc.*, 908 F Supp 2d 1090 (C.D. Cal. 2012).

**Dated:** February 19, 2015.

                                              Rick Klingbeil, PC

                                              /s/ Rick Klingbeil
                                              _____
                                              Rick Klingbeil, OSB #933326
                                              Of Attorneys for Plaintiff
                                              2222 NE Oregon St., Ste. 213
                                              Portland, OR 97232
                                              Ph: 503-473-8565

Additional Attorneys:

Brooks F. Cooper, OSB #941772

Brady Mertz, OSB #970814
Foley Bezek Behle & Curtis, LLP
(*Pro hac vice* applications to be submitted)

Page 6   **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO DISMISS** .....

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com