**Chad M. Colton, OSB #065774**
ChadColton@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Tel: (503) 295-3085
Fax: (503) 323-9105

**Angel A. Garganta (*admitted pro hac vice*)**
AGarganta@venable.com
VENABLE LLP
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Tel: (415) 653-3750
Fax: (415) 653-3755

*Attorneys for Defendant Vitamin Shoppe Industries Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| LEE WALTERS, MD, an Oregon resident, | Case No.: 3:14-cv-01173-PK |
| Plaintiff, | **DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTIONS TO DISMISS AND STRIKE NATIONWIDE CLASS CLAIMS AND ALLEGATIONS** |
| v. | |
| VITAMIN SHOPPE INDUSTRIES, INC., a Delaware corporation, | Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(f) |
| Defendant. | **Request for Oral Argument** |

**DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF COMPLIANCE ........................................................................ 1

MOTIONS ........................................................................................................... 1

INTRODUCTION ................................................................................................. 1

ALLEGATIONS IN THE COMPLAINT AND PROCEDURAL HISTORY ............................. 2

LEGAL STANDARDS ........................................................................................... 4

LEGAL ARGUMENT ........................................................................................... 5

I.    PLAINTIFF'S CLAIMS ON BEHALF OF THE NATIONWIDE CLASS
      MUST BE DISMISSED OR STRICKEN ........................................................ 5

      A.  Taking Plaintiff's Allegations as True, the Law of Multiple Jurisdictions Applies to
          the Nationwide Claims ............................................................................ 5

          1.  *Under Oregon's Traditional Common Law Approach, Oregon Law Cannot
              Govern Purchases Made in Other States* ................................................ 6

              (a) There Is a Material Difference between Oregon Law and the Laws of
                  Other States with Respect to the Nationwide Claims ............................... 7

              (i)  Oregon Unjust Enrichment Law Differs Materially from that of Other
                  States ................................................................................... 7

              (ii) Common Law Fraud Standards Differ Materially Among the States ....... 11

              (b) All Fifty States Have a Substantial Interest in Having Their Laws Applied
                  to the Nationwide Claims ........................................................... 16

              (c) The State Where Each Class Member Made Her Purchase Has a More
                  Significant Relationship to the Claims than Any Other State .................. 16

          2.  *Under Oregon Statute, the Law of the State where the Purchase Was Made
              Governs* ............................................................................... 17

              (a) Both the Injurious Conduct and the Resulting Injury Occurred in the State
                  where Each Class Member Made his or her Purchase ............................. 18

              (b) The Laws of the Fifty States on Unjust Enrichment and Fraud Would
                  Produce a Different Outcome in this Case ....................................... 19

      B.  The Application of Each State's Law Destroys Commonality and Predominance .... 20

II.   PLAINTIFF CANNOT SEEK INJUNCTIVE RELIEF AGAINST VSI
      BECAUSE HE LACKS ARTICLE III STANDING TO SEEK SUCH
      RELIEF ................................................................................. 23

CONCLUSION ................................................................................. 27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angelini v. Delaney*,
156 Or. App. 293, 966 P.2d 223 (1998) ............................................................... 9

*B.C. v. Plumas Unified Sch. Dist.*,
192 F.3d 1260 (9th Cir. 1999) ........................................................................... 24

*Banks v. Nissan N. Am., Inc.*,
2012 WL 8969415 (N.D. Cal. Mar. 20, 2012)..................................................... 23

*Banque Franco-Hellenique de Commerce Intern., et Maritime, S.A. v. Christophides*,
106 F.3d 22 (2d Cir. 1997) ................................................................................. 12

*Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A.*,
938 So.2d 571 (Fla. App. Div. 2006)................................................................... 8

*Barr v. Dyke*,
49 A.3d 1280 (Me. 2012).................................................................................... 13

*Bass v. Coupel*,
671 So.2d 344 (La. Ct. App. 1995)...................................................................... 11

*Bates v. Bankers Life & Cas. Co.*,
993 F. Supp. 2d 1318 (D. Or. 2014) ............................................................... 5, 22

*Bemis v. Estate of Bemis*,
967 P.2d 437 (Nev. 1998)................................................................................... 8

*Bowman v. Presley*,
212 P.3d 1210 (Okla. 2009)............................................................................... 12

*Broomfield v. Craft Brewing Alliance, Inc.*,
2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) ...................................................... 25

*Brown v. Broadway Perryville Lumber Co.*,
508 N.E.2d 1170 (Ill. Ct. App. 1987) ................................................................. 13

*Carder Buick-Olds Co., Inc. v. Reynolds & Reynolds, Inc.*,
775 N.E.2d 531 (Ohio Ct. App. 2002).................................................................. 12

*Castagnola v. Hewlett-Packard Co.*,
2012 WL 2159385 (N.D. Cal. Jun. 13, 2012)...................................................... 25

*Cattie v. Wal-Mart Stores, Inc.*,
    504 F. Supp. 2d 939 (S.D. Cal. 2007)................................................................ 24, 25

*Cincinnati Life Ins. Co. v. Mickles*,
    148 S.W.3d 768 (Ark. Ct. App. 2004) ..................................................................... 14

*Cowen v. Lenny & Larry's, Inc.*,
    2017 WL 4572201 (N.D. Ill. Oct. 12, 2017) ........................................................... 23

*Coyle v. Battles*,
    782 A.2d 902 (N.H. 2001) ........................................................................................ 8

*Cruz v. McAneney*,
    31 A.D.3d 54 (N.Y. App. Div. 2006) ......................................................................... 8

*Dapeer v. Neutrogena Corp.*,
    2015 WL 10521637 (S.D. Fla. Dec. 1, 2015) ........................................................... 21

*Darisse v. Nest Labs, Inc.*,
    2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) .......................................................... 22

*DCCI, LLC v. Keith*,
    2014 WL 1269696 (D. Or. Mar. 26, 2014)............................................................... 12

*Delarosa v. Boiron, Inc.*,
    2012 WL 8716658 (C.D. Cal. Dec. 28, 2012) .......................................................... 25

*DeLorean v. First Horizon Home Loans*,
    2011 WL 7505901 (D. Or. Dec. 2, 2011) ................................................................... 4

*Dennis v. Ralph Lauren Corp.*,
    2017 WL 3732103 (S.D. Cal. Aug. 29, 2017) .......................................................... 25

*Dier v. Peters*,
    815 N.W.2d 1 (Iowa 2012) ...................................................................................... 11

*Dolezal v. City of Cedar Rapids*,
    326 N.W.2d 355 (Iowa 1982) .................................................................................... 8

*Domke v. Alyeksa Pipeline Serv. Co.*,
    137 P.3d 295 (Alaska 2006) ....................................................................................... 8

*Drozeck v. Lawyers Title Ins. Corp.*,
    749 N.E.2d 775 (Ohio Ct. App. 2000)....................................................................... 9

*Eastridge v. Goodrich Corp.*,
    2013 WL 5460868 (W.D. Ky. Sept. 30, 2013) ......................................................... 15

*Ebrahimi v. E.F. Hutton & Co., Inc.*,
    794 P.2d 1015 (Co. Ct. App. 1989) .................................................................... 11

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ........................................................................... 24

*Ellison v. Fry*,
    437 S.W.3d 762 (Mo. 2014) ........................................................................... 15

*Estate of Draper v. Bank of Am., N.A.*,
    205 P.3d 698 (Kan. 2009) ............................................................................... 10

*F.D.I.C. v. Dintino*,
    167 Cal. App. 4th 333 (2008) .......................................................................... 10

*Famers Ins. Exch. v. First Choice Chiropractic & Rehab.*,
    2014 WL 3591558 (D. Or. July 18, 2014) ......................................................... 9

*Fisher v. Grove Farm Co.*,
    230 P.3d 382 (Haw. Ct. App. 2009) ................................................................ 12

*Frezza v. Google Inc.*,
    2013 WL 1736788 (N.D. Cal. Apr. 22, 2013) ............................................. 18, 23

*Gianino v. Alcer Corp.*,
    846 F. Supp. 2d 1096 (C.D. Cal. 2012) .................................................. 16, 18, 22

*Glenn v. Hyundai Motor Am.*,
    2016 WL 3621280 (C.D. Cal. June 24, 2016) ............................................. 14, 18

*Gustafson v. BAC Home Loans Servicing, L.P.*,
    294 F.R.D. 529 (C.D. Cal. 2013) ............................................................... 15, 21

*Guzman v. Bridgepoint Educ., Inc.*,
    305 F.R.D. 594 (S.D. Cal. 2015) ...................................................................... 9

*Hale v. Enerco Grp., Inc.*,
    288 F.R.D. 139 (N.D. Ohio 2012) .............................................................. 19, 22

*Haley v. Macy's, Inc.*,
    2017 WL 2902903 (N.D. Cal. July 7, 2017) ..................................................... 26

*Hughes v. The Ester C Co.*,
    317 F.R.D. 333 (E.D.N.Y. 2016) .................................................................... 21

*Huszar v. Certified Realty Co.*,
    278 Or. 29, 562 P.2d 1184 (1977) ................................................................... 11

*Hutson v. Rexall Sundown, Inc.*,
    837 So. 2d 1090 (Fla. Dist. Ct. App. 2003) .................................................. 20, 21

*Indoor Billboard Nw., Inc. v. M2 Sys. Corp.*,
    2013 WL 3146850 (D. Or. Jun. 18, 2013) ................................................6, 16, 17

*In re Conagra Peanut Butter Prod. Liab. Litig.*,
    251 F.R.D. 689 (N.D. Ga. 2008)................................................................... 21

*In re Wayport, Inc. Litig.*,
    76 A.3d 296 (Del. Ch. 2013) ...................................................................... 11

*ITT Hartford Grp., Inc. v. Va. Fin. Assocs., Inc.*,
    520 S.E.2d 355 (Va. 1999) ........................................................................ 13

*Jones v. Nutiva, Inc.*,
    2016 WL 5210935 (N.D. Cal. Sept. 22, 2016) .......................................... 26

*Koehler v. Litehouse, Inc.*,
    2012 WL 6217635 (N.D. Cal. Dec. 13, 2012) .......................................... 23

*Kramer v. Wilson Sporting Goods Co.*,
    2013 WL 12133670 (C.D. Cal. Dec. 13, 2013) ........................................ 23

*Kreidler v. Taylor*,
    473 F. Supp. 2d 1090 (D. Or. 2007) ......................................................... 12

*Kunzelmann v. Wells Fargo Bank, N.A.*,
    2013 WL 139913 (S.D. Fla. Jan. 10, 2013) .............................................. 21

*Life Ins. Co. of Ga. v. Meeks*,
    617 S.E.2d 179 (Ga. Ct. App. 2005)......................................................... 12

*Lightbourne v. Printroom Inc.*,
    307 F.R.D. 593 (C.D. Cal. 2015) .............................................................. 10

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ...................................................... 7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).................................................................................. 24

*Makaeff v. Trump Univ.*,
    2014 WL 688164 (S.D. Cal. Feb. 21, 2014) ............................................. 21

*Malone v. Hines*,
    822 S.W.2d 394 (Ark. Ct. App. 1992) ......................................................... 8

**v – DEFENDANT'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM**

*Marino v. Coach, Inc.*,
   2017 WL 3731954 (S.D.N.Y. Aug. 28, 2017) ........................................ 26

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ..................................... 1, 5, 9, 11, 16, 19, 20, 21, 22

*Minor v. Lillard*,
   289 S.W.2d 1 (Mo. 1956) ........................................................................ 8

*Minyard v. Curtis Prods., Inc.*,
   205 So.2d 422 (La. 1967) ........................................................................ 9

*Naharaja v. Wray*,
   2014 WL 3891754 (D. Or. Aug. 6, 2014) ................................................ 4

*News World Commc'ns, Inc. v. Thompsen*,
   878 A.2d 1218 (D.C. 2005) ..................................................................... 10

*Nitrini v. Feinbaum*,
   501 P.2d 576 (Ariz. App. Div. 1972) ...................................................... 8

*Ortega v. Natural Balance, Inc.*,
   2013 WL 6596792 (C.D. Cal. Dec. 16, 2013) ........................................ 23

*Palm Beach Co. v. Dun & Bradstreet, Inc.*,
   665 N.E.2d 718 (Ohio Ct. App. 1995) .................................................... 10

*Panitch v. The Quaker Oats Co.*,
   2017 WL 3922149 (N.D. Ill. Sept. 6, 2017) ........................................... 25

*Park-Lake Car Wash, Inc. v. Springer*,
   394 N.W.2d 505 (Minn. Ct. App. 1986) ................................................. 8

*Portland Trailer & Equip., Inc. v. A-1 Freeman Moving & Storage, Inc.*,
   182 Or. App. 347, 49 P.3d 803 (2002) ................................................... 17

*Price v. Synapse Grp., Inc.*,
   2017 WL 3131700 (S.D. Cal. July 24, 2017) ......................................... 26

*Priddy v. Rawson*,
   282 S.W.3d 588 (Tex. Ct. App. 2009) .................................................... 12

*Prof'l Serv. Indus., Inc. v. Kimbrell*,
   834 F. Supp. 1289 (D. Kan. 1993) .......................................................... 13

*Pulido v. United States Parcel Serv. Gen. Servs. Co.*,
   31 F. Supp. 2d 809 (D. Or. 1998) ........................................................... 6

*Rapp v. Green Tree Servicing, LLC*,
  302 F.R.D. 505 (D. Minn. 2014) ................................................................. 21

*RD & J Props. v. Lauralea-Dilton Enters., LLC*,
  600 S.E.2d 492 (N.C. Ct. App. 2004) .......................................................... 11

*Renee Unlimited, Inc. v. City of Atlanta*,
  687 S.E.2d 233 (Ga. Ct. App. 2009) ........................................................... 10

*Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*,
  82 Or. App. 458, 728 P.2d 577 (1986) ........................................................ 13

*Roach Mfg. Corp. v. Northstar Indus., Inc.*,
  630 F. Supp. 2d 1004 (E.D. Ark. 2009) ................................................... 8, 10

*Schedler v. FieldTurf USA, Inc.*,
  2017 WL 3412205 (D. Or. Aug. 9, 2017) ...................................................... 6

*Siegel v. Shell Oil Co.*,
  256 F.R.D. 580 (N.D. Ill. 2008), *aff'd*, 612 F.3d 932 (7th Cir. 2010) ..................................... 21

*Sitrick v. Citigroup Global Markets*,
  2009 WL 1298148 (C.D. Cal. Apr. 30, 2009) .............................................. 13

*Smith v. Allmax Nutrition, Inc.*,
  2015 WL 9434768 (E.D. Cal. Dec. 24, 2015) ............................................. 23

*Smith v. U.S. Bank, N.A.*,
  2011 WL 2470100 (D. Or. Apr. 22, 2011) ..................................................... 7

*Speers v. Pre-Employ.com, Inc.*,
  2014 WL 2611259 (D. Or. May 14, 2013) ................................................... 22

*Stearns v. Select Comfort Retail Corp.*,
  763 F. Supp. 2d 1128 (N.D. Cal. 2010) ...................................................... 25

*Stitt v. Citibank*,
  2015 WL 9177662 (N.D. Cal. Dec. 17, 2015) ............................................. 21

*Suburban Motors of Grafton, Inc. v. Forester*,
  396 N.W.2d 351 (Wis. Ct. App. 1986) .......................................................... 9

*Tarhuni v. Holder*,
  8 F. Supp. 3d 1253 (D. Or. 2014) ............................................................... 24

*Tupper v. Roan*,
  349 Or. 211, 243 P.3d 50 (2010) .................................................................. 8

*Vichi v. Koninklijke Philips Elecs., N.V.*,
    85 A.3d 725 (Del. Ch. 2014) ............................................................... 14

*Waller v. Auto-Owners Ins. Co.*,
    174 Or. App. 471, 126 P.3d 845 (2001) ................................................ 6

*Wang v. OCZ Tech. Grp., Inc.*,
    276 F.R.D. 618 (N.D. Cal. 2011) ......................................................... 25

*Watson Elec. Const. Co. v. Summit Co., LLC*,
    587 S.E.2d 87 (N.C. Ct. App. 2003) ..................................................... 8

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ............................................................... 4

*Wilson v. Frito-Lay N. Am.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ............................................... 23

*Witt v. Jones*,
    722 P.2d 474 (Idaho 1986) .................................................................... 8

*Zafarana v. Pfizer, Inc.*,
    724 F. Supp. 2d 545 (E.D. Penn. 2010) ................................................ 7

**Statutory Authorities**

Ala. Code § 6-2-3 .................................................................................... 15

Ariz. Rev. Stat. Ann. § 12-543(3) ........................................................... 14

Ariz. Rev. Stat. Ann. § 12-550 ................................................................. 8

Ark. Code Ann. § 16-56-105 .................................................................... 8

Cal. Code Civ. Proc. § 338(d) ................................................................. 14

Fla. Stat. 95.11(3)(k) ................................................................................. 8

Idaho Code § 5-218(4) ............................................................................ 14

Iowa Code § 614.1(4) .............................................................................. 14

Iowa Code § 614.1(5) ................................................................................ 8

Ky. Rev. Stat. § 413.120(11) .................................................................. 14

La. Civ. Code Ann. art. 3544 ................................................................... 9

Minn. Stat. Ann. § 541.05 ....................................................................... 14

Mo. Rev. Stat. § 516.120(1) ........................................................................................8

Mo. Rev. Stat. § 516.120(5) ......................................................................................14

N.C. Gen. Stat. § 1-52 ..............................................................................................14

N.C. Gen. Stat. § 1-52(9) ..........................................................................................14

N.H. Rev. Stat. Ann. § 508:4 ......................................................................................8

O.R.S. § 12.110(1) ...................................................................................................14

O.R.S. § 15.440 .................................................................................................. 17, 18

O.R.S. § 15.445 ........................................................................................................20

O.R.S. § 646.608 *et seq.* ...........................................................................................26

Ohio Rev. Code Ann. § 2305.09(c) ...........................................................................14

R.C. 2305.07 ..............................................................................................................9

S.D. Codified Laws § 15-2-13(6) ..............................................................................14

Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) ..................................................14

**Rules and Regulations**

Fed. R. Civ. P. 12 ............................................................................................ 1, 2, 3, 4

Fed. R. Civ. P. 23 .................................................................................. 5, 22, 23, 27

**Additional Authorities**

Restatement (Second) Conflict of Laws .............................................................. 6, 17

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7-1(a), counsel for Defendant Vitamin Shoppe Industries Inc. ("Defendant" or "VSI") met and conferred in good faith with counsel for putative class action Plaintiff Lee Walters, MD ("Plaintiff") by telephone on October 16, 2017.  The parties were unable to resolve the issues raised during the conferral, and seek the assistance of this Court to do so.

## MOTIONS

VSI moves this Court pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(f) to dismiss or strike Plaintiff's First and Third Claims for Relief, to the extent they are brought on behalf of a nationwide class of purchasers of VSI's products, because those claims cannot be maintained on a nationwide basis.  In addition, VSI respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(f), to dismiss or strike Plaintiff's claim for injunctive relief because Plaintiff lacks standing to assert that claim.

## INTRODUCTION

Plaintiff cannot bring common law fraud and unjust enrichment claims on behalf of a nationwide class of purchasers.  Material variations among different states' laws of unjust enrichment and fraud make it impossible for Plaintiff – an Oregon resident who alleges he purchased one of the allegedly deceptive products in Oregon – to maintain those claims against VSI – a Delaware corporation headquartered in New Jersey – on behalf of a nationwide class of consumers.  Indeed, under the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012), courts routinely reject nationwide class adjudication of such claims.  This Court should do the same here.

Plaintiff also lacks standing to seek injunctive relief.  Specifically, Plaintiff seeks prospective injunctive relief for his claims, but has not pleaded – nor can he – that he will ever

**Page 1 – DEFENDANT'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM**

again purchase any of the allegedly deceptive products or that he will again be deceived. Under Article III of the U.S. Constitution, Plaintiff cannot seek prospective injunctive relief without the threat of future injury.

## ALLEGATIONS IN THE COMPLAINT AND PROCEDURAL HISTORY[1]

On July 23, 2014, Plaintiff, in conjunction with plaintiff "Jane Roe," filed a Class Action Allegation Complaint against defendants Vitamin Shoppe, Inc. and VS Direct, Inc. (the "Original Complaint"). Dkt. No. 1.[2] Plaintiff subsequently moved to file an Amended Class Action Allegation Complaint and Second Amended Class Action Allegation Complaint (the "SAC"), both of which were unopposed by VSI and both of which were granted by the Court. Dkt. Nos. 15, 17, 19, 21.

On December 11, 2014, VSI moved, *inter alia*, to dismiss the SAC for failure to state a claim, to dismiss the SAC's claim for injunctive relief for lack of standing, and to strike the SAC's nationwide class allegations. Dkt. No. 24. On May 13, 2015, after the motion was fully briefed, oral argument was heard, supplemental briefing was submitted, and additional argument was heard telephonically, the Court issued its Findings and Recommendations, in which it recommended that the SAC be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (and thus recommended that the motions to dismiss the claim for injunctive relief and to strike the nationwide class be found to be moot). Dkt. No. 44. On June 25, 2017, the Court adopted the Findings and Recommendation, dismissed the case, and entered judgment. Dkt. No. 49-50.

---

[1] The following are only the non-conclusory allegations in the TAC, which are assumed to be true solely for the purpose of these motions. VSI does not concede the accuracy of any of the allegations contained in the TAC.

[2] Pursuant to the parties' agreement, Vitamin Shoppe, Inc. and VS Direct, Inc. were dropped from the FAC (and future iterations of the complaint), and VSI was added as the sole defendant.

Plaintiff appealed that decision (Dkt. No. 51), and on August 1, 2017, the Ninth Circuit, in Case No. 15-35592, affirmed in part and reversed in part the Court's dismissal, and remanded. Dkt. No. 53.  On September 21, 2017, Plaintiff filed motion for leave to file a Third Amended Complaint ("TAC") (Dkt. No. 57), which the Court granted.  Dkt. No. 58.

The TAC asserts three causes of action: (1) unjust enrichment; (2) fraud; and (3) violation of Oregon's Unfair Trade Practices Act ("UTPA").  TAC, ¶¶ 70-97.  Plaintiff purports to bring both the fraud and unjust enrichment claims on behalf a nationwide class of purchasers (the "Nationwide Class") of at least thirty-one products, the packaging of which is alleged to be deceptive (the "Accused VS Products").  *See* TAC, ¶¶ 70-88.

Plaintiff – an Oregon resident who allegedly purchased only one Accused VS Product (a package of Calcium 1000 mg Caramel Chews) in Portland, Oregon sometime in May of 2014 – alleges that VSI engaged in deceptive and misleading conduct in connection with the packaging, labeling and shelving of the Accused VS Products.  *See e.g., id.* at ¶¶ 46-48.  Specifically, Plaintiff alleges that the front-facing portion of packaging for the Accused VS Products (the "Principal Display Panel") "materially misrepresent[s] the quantity and characteristics of the contents" of those products because it fails to disclose that the milligram quantity displayed thereon is "per serving" as opposed to "per X units."  *See id.* at ¶ 37.  For example, according to Plaintiff, the Principal Display Panel of Calcium 1000 mg Caramel Chews (the only Accused VS Product purchased by Plaintiff) fails to indicate that the 1000 mg measurement on the front of the package is "per serving," and that a consumer would be required to eat two 500 mg Caramel Chews in order to receive the suggested serving size of 1000 mg of the product.  *See id.* at ¶ 31.  Plaintiff alleges that the "per serving" information for Accused VS Products is contained in the Supplement Facts Panel, which is on the back of the Accused VS Products.  *See id.* at ¶¶ 27, 33.

Given these facts, Plaintiff alleges that the Principal Display Panels for the Accused VS Products "create a substantial likelihood" that a reasonable consumer will be misled. *See id.* at ¶ 23.

Plaintiff seeks the following relief: (1) a temporary and permanent injunction "enjoining Defendant from engaging in any further misconduct at issue in this action nationwide" and "engaging in any further violations" of the UTPA (*see id.*, Request for Relief, ¶¶ E, H); (2) reimbursement of reasonable costs and fees "incurred by Plaintiff and the Class necessary to obtain injunctive relief" (*id.* at ¶ G); (3) restitution to the members of the Nationwide Class "for the amount that Defendant has been unjustly enriched as a result of its wrongful conduct" (*id.* at ¶ F); and (4) monetary damages incurred by members of the Nationwide Class and the Oregon Subclass (*id.* at ¶¶ I-K).

## LEGAL STANDARDS

A claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) if the court lacks subject matter jurisdiction over it. A court lacks subject matter jurisdiction over a claim when the plaintiff lacks standing to pursue the claim under Article III of the U.S. Constitution. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (standing arguments "are properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1)" because standing pertains to subject matter jurisdiction).

Fed. R. Civ. P. 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Granting a motion to strike is within the broad discretion of the district court." *Naharaja v. Wray*, 2014 WL 3891754, at *4 (D. Or. Aug. 6, 2014). If it is clear that the matter will have no bearing on the controversy before the court, the court may strike portions of the pleading. *DeLorean v. First Horizon Home Loans*, 2011 WL 7505901, at *1 (D. Or. Dec. 2, 2011). Moreover, as this Court has ruled previously, a court may strike class allegations at the pleading stage where it is obvious

from the complaint that the putative class cannot be certified.  *See Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1342-43 (D. Or. 2014) (Papak, J.).

<u>**LEGAL ARGUMENT**</u>

I.    **PLAINTIFF'S CLAIMS ON BEHALF OF THE NATIONWIDE CLASS MUST BE DISMISSED OR STRICKEN**

Even if Plaintiff has standing to pursue claims relating to one or more of the Accused VS Products, Plaintiff cannot, based on the facts as he has alleged them, bring those claims on behalf of a Nationwide Class because Oregon common law cannot apply universally to the unjust enrichment and fraud claims (the "Nationwide Claims").  Accordingly, Plaintiff's Nationwide Claims must be dismissed as a matter of law, or, in the alternative, the Nationwide Class allegations (TAC ¶¶ 53(a), 55, 57-59, 61-62, 64-67, 69-88) must be stricken from the TAC.

A.    <u>**Taking Plaintiff's Allegations as True, the Law of Multiple Jurisdictions Applies to the Nationwide Claims**</u>

It is black-letter law that a nationwide class action must have "questions of law or fact common to the class" (commonality), and those common questions must "predominate over any questions affecting only individual members" such that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (predominance).  Fed. R. Civ. P. 23(a)(2), 23(b)(3).  With these considerations in mind, the Ninth Circuit in *Mazza v. Am. Honda Motor Co., Inc.*, held that a nationwide class action cannot satisfy the commonality and predominance requirements and thus cannot go forward if: (i) the "law of multiple jurisdictions" applies to the claims the plaintiff seeks to bring; and (ii) there are variations in that law from state to state which are material given the circumstances of the particular case.  666 F.3d at 596.

In order to determine whether the law of multiple jurisdictions applies to the Nationwide Claims, the Court must conduct an examination using Oregon's choice of law rules.  While many

**Page 5 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

courts in the District of Oregon have continued to employ Oregon's traditional common law

approach, with its reliance on the *Restatement (Second) Conflict of Laws*, to determine when

Oregon law or the law of another forum should be applied *(see e.g.*, *Indoor Billboard Nw., Inc.*,

2013 WL 3146850, at *3 (D. Or. Jun. 18, 2013)), others have recognized Oregon has codified its

choice of law rules for non-contractual claims at O.R.S. section 15.400 *et seq.* and have applied

those sections of the statute. *See e.g., Schedler v. FieldTurf USA, Inc.*, 2017 WL 3412205, at *3

(D. Or. Aug. 9, 2017). Under either the traditional common law approach or the statute,

however, the result is the same: the law of Oregon cannot apply to claims arising out of

purchases of the Accused VS Products made in the other forty-nine states.

1.    ***Under Oregon's Traditional Common Law Approach, Oregon Law Cannot Govern Purchases Made in Other States***

Under Oregon's common law choice-of-law standards, the Court must first "determine as

a threshold issue whether there is a material difference between Oregon law and the law of the

other" possible *fora* given the circumstances of the particular case. *Indoor Billboard Nw., Inc.*,

2013 WL 3146850, at *3 (citing *Waller v. Auto-Owners Ins. Co.*, 174 Or. App. 471, 475, 126

P.3d 845, 847-48 (2001)). If a material difference is found, the Court "must determine whether

both [or multiple] states have substantial interests in having their laws applied." *Id.* (citing

*Pulido v. United States Parcel Serv. Gen. Servs. Co.*, 31 F. Supp. 2d 809, 813 (D. Or. 1998)).

Lastly, if multiple states are found to have a substantial interest in having their laws applied, the

Court must determine which state, based on the facts of the case, has the "most significant

relationship" under the guidelines set forth in the Restatement (Second) Conflict of Laws. *Id.*

(internal citations and quotation marks omitted).

Under those three factors, Plaintiff's Nationwide Claims simply cannot survive.

(a)    There Is a Material Difference between Oregon Law and the Laws
of Other States with Respect to the Nationwide Claims

As discussed above, the Court must first determine whether Oregon unjust enrichment and fraud law differs materially from that of other states.  It does.

(i)    *Oregon Unjust Enrichment Law Differs Materially from that of Other States*

There are several differences in state unjust enrichment law which, based on the facts of this case as alleged, are material, thus making this case inappropriate for nationwide adjudication.

As an initial matter, state law differs on the threshold issue of whether unjust enrichment can even be brought as a stand-alone cause of action.  Though Oregon allows an individual to bring a separate tort cause of action for unjust enrichment (*see e.g., Smith v. U.S. Bank, N.A.*, 2011 WL 2470100, at *15-16 (D. Or. Apr. 22, 2011)), in other states, like California and New Jersey, unjust enrichment cannot be brought as a standalone cause of action but rather can be asserted only as a form of relief (*i.e.*, restitution) or to establish quasi-contract liability.  *See e.g., Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) ("[U]njust enrichment is not a cause of action; just a restitution claim."); *Zafarana v. Pfizer, Inc.*, 724 F. Supp. 2d 545, 560-561 (E.D. Penn. 2010) (holding that there is "no separate tort cause of action for unjust enrichment in New Jersey" but instead it "provides the basis for establishing quasi-contract liability").  This is an important issue here, since Plaintiff seeks to bring a separate unjust enrichment cause of action (TAC, ¶¶ 70-77) on behalf of class members who reside in states where that cause of action would be summarily dismissed.

State law also varies as to whether a claimant alleging unjust enrichment must prove fraud or other wrongful conduct by the defendant.  In Oregon, Minnesota and North Carolina, for example, a plaintiff must prove that the defendant engaged in some kind of wrongful conduct in

order to prevail on a claim for unjust enrichment.  *See Tupper v. Roan*, 349 Or. 211, 223, 243 P.3d 50, 59 (2010); *Park-Lake Car Wash, Inc. v. Springer*, 394 N.W.2d 505, 514 (Minn. Ct. App. 1986); *Watson Elec. Const. Co. v. Summit Co., LLC*, 587 S.E.2d 87, 92 (N.C. Ct. App. 2003).  In other states, however, no such wrongful conduct is required on the part of the defendant, and "innocent parties" may be held liable for unjust enrichment.  *See e.g. Cruz v. McAneney*, 31 A.D.3d 54, 59 (N.Y. App. Div. 2006); *Bemis v. Estate of Bemis*, 967 P.2d 437, 441 (Nev. 1998); *Malone v. Hines*, 822 S.W.2d 394, 398 (Ark. Ct. App. 1992); *Witt v. Jones*, 722 P.2d 474, 484 (Idaho 1986).

This issue is significant here, where Plaintiff's failure to establish at trial that VSI "has been unjustly enriched *as a result of its wrongful conduct*" (TAC, Request for Relief, ¶ F, emphasis added) would defeat Plaintiff's unjust enrichment claim but not necessarily those of class members in certain other states.

There is also material variation in the statute of limitations for unjust enrichment claims. Some states apply a three-year statute.  *See e.g.*, *Domke v. Alyeksa Pipeline Serv. Co.*, 137 P.3d 295, 302 n. 18 (Alaska 2006) (applying AS 09.10.053); *Roach Mfg. Corp. v. Northstar Indus., Inc.*, 630 F. Supp. 2d 1004, 1007 (E.D. Ark. 2009) (applying Ark. Code Ann. § 16-56-105); *Coyle v. Battles*, 782 A.2d 902, 906 (N.H. 2001) (applying N.H. Rev. Stat. Ann. § 508:4).  Other states apply a four-year statute of limitation.  *See e.g.*, *Nitrini v. Feinbaum*, 501 P.2d 576, 580-81 (Ariz. App. Div. 1972) (applying Ariz. Rev. Stat. Ann. § 12-550); *Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A.*, 938 So.2d 571, 576-77 (Fla. App. Div. 2006) (applying Fla. Stat. 95.11(3)(k)).  Other states apply a five-year limitations period.  *See e.g., Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 360 (Iowa 1982) (applying Iowa Code § 614.1(5)); *Minor v. Lillard*, 289 S.W.2d 1, 6-7 (Mo. 1956) (applying Mo. Rev. Stat. § 516.120(1)).  Still others apply even

**Page 8 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

longer limitations periods. *See e.g.*, *Drozeck v. Lawyers Title Ins. Corp.*, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000) ("The six-year limitations period set forth in R.C. 2305.07 applies to unjust enrichment and quasi-contract claims."); *Minyard v. Curtis Prods., Inc.*, 205 So.2d 422, 433 (La. 1967) (applying the ten-year statute of limitation in La. Civ. Code Ann. art. 3544 to an unjust enrichment claim).

In other states, like Oregon, "there is no strict statute of limitations for unjust-enrichment claims," *Famers Ins. Exch. v. First Choice Chiropractic & Rehab.*, 2014 WL 3591558, at *13 (D. Or. July 18, 2014), and instead require a more complex limitations calculation governed by the equitable nature of an unjust enrichment claim. *See e.g. Angelini v. Delaney*, 156 Or. App. 293, 305, 966 P.2d 223, 230 (1998) ("Unjust enrichment is an equitable claim subject to the defense of laches . . . . If, however, the [six-year] statute of limitations period for the analogous action at law has run at the time the suit is filed, the burden shifts to defendants to prove the absence of laches."); *Suburban Motors of Grafton, Inc. v. Forester*, 396 N.W.2d 351, 352-53 (Wis. Ct. App. 1986) ("A constructive trust is imposed by a court of equity to prevent unjust enrichment which arises when one party receives a benefit the retention of which would be unjust as against the other party. The timeliness of the commencement of actions at law is governed by statutes of limitations whereas equitable actions are governed by considerations of laches.") (internal citation omitted).

These variations in statute of limitations are material, as they could "spell the difference between the success and failure of a [class member's] claim" based merely on where that class member made her purchase. *See Mazza*, 666 F.3d at 591 (9th Cir. 2012); *see also Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 616 (S.D. Cal. 2015) ("Material differences also exist between states' misrepresentation laws in their . . . statutes of limitations.").

**Page 9 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

In addition, the accrual date for unjust enrichment claims is not uniform among the states. In some states, such as Oregon, a cause of action for unjust enrichment accrues (and thus the limitations period begins to run) when the acts giving rise to the claim occur. *Angelini*, 966 P.2d at 228-29; *see also Roach Mfg. Corp.*, 630 F. Supp. 2d at 1007; *Renee Unlimited, Inc. v. City of Atlanta*, 687 S.E.2d 233, 258 (Ga. Ct. App. 2009). In other states, the unjust enrichment claim does not accrue until the plaintiff discovers the acts giving rise to the claim. *See e.g.*, *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 350 (2008). And in still other jurisdictions, the cause of action accrues when the enrichment "becomes unjust." *See e.g.*, *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1223 (D.C. 2005) ("[T]he statute of limitations starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution.") (internal quotation omitted); *Estate of Draper v. Bank of Am., N.A.*, 205 P.3d 698, 715 (Kan. 2009) ("It is generally recognized that such a cause of action accrues when the enrichment becomes unjust . . . . Often, this means that the action accrues when there is a request for the return of the property or when payment is made to or property is received by the defendant.") (internal citations and quotations omitted); *Palm Beach Co. v. Dun & Bradstreet, Inc.*, 665 N.E.2d 718, 723 (Ohio Ct. App. 1995) ("[A] cause of action for unjust enrichment accrues on the date that money is retained under circumstances where it would be unjust to do so.").

These variations in accrual of the unjust enrichment cause of action are material, as again, these variations by themselves would doom some class members' claims. *See Lightbourne v. Printroom Inc.*, 307 F.R.D. 593, 598-99 (C.D. Cal. 2015) (finding nationwide class adjudication of plaintiff's claims was not proper because there were "variances are material to this litigation," including "the states' rules regarding when [the particular] claim accrues").

**Page 10 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

In sum, considerable differences exist in state law relating to unjust enrichment that are material based on the facts of this case, thus rendering nationwide adjudication of this claim inappropriate.

(ii)    *Common Law Fraud Standards Differ Materially Among the States*

Although many states require similar elements to prove common law fraud claims, the *meaning* and *application* of those elements differs materially among the states in this case.

For example, the definition of the element of "scienter" varies by state.  In Oregon – among other states – it is sufficient for the plaintiff to establish that the defendant acted with "reckless disregard" for the truth in order to prevail on a claim for fraud.  *See Huszar v. Certified Realty Co.*, 278 Or. 29, 32, 562 P.2d 1184, 1186 (1977) (holding that scienter can be shown if the alleged misrepresentation "was made with knowledge that it was false or was made recklessly without any knowledge of its truth"); *see also In re Wayport, Inc. Litig.*, 76 A.3d 296, 326 (Del. Ch. 2013); *Dier v. Peters*, 815 N.W.2d 1, 8 (Iowa 2012); *Ebrahimi v. E.F. Hutton & Co., Inc.*, 794 P.2d 1015, 1017 (Co. Ct. App. 1989).  Other states, however, require that the defendant have *actual knowledge* of the falsity of statements made.  *See e.g., RD & J Props. v. Lauralea-Dilton Enters., LLC*, 600 S.E.2d 492, 498-99 & n. 2 (N.C. Ct. App. 2004); *Bass v. Coupel*, 671 So.2d 344, 347 (La. Ct. App. 1995).

In this case, variations in state law on scienter are material, given that Plaintiff has alleged that VSI "knew or should have known that [its] representations on the PDP were false and misleading" (TAC, ¶ 80).  For some class members, Plaintiff would need only establish for this element that VSI "should have known," while other class members' fraud claims could survive only if he proved VSI actually knew of the purportedly false and misleading nature of its representations.

**Page 11 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

The "reliance" element also varies materially among the states given the circumstances of this case, making Plaintiff's common law fraud claim improper for nationwide adjudication. As a threshold matter, states differ as to whether a plaintiff alleging fraud must actually rely on the alleged misrepresentation. Though many states – including Oregon – agree that not only reliance, but justifiable reliance, is a required element of a fraud claim,[3] some states – like Georgia and Ohio – allow for a presumption of reliance in certain circumstances, such as when the misrepresentation is in writing.[4] This is significant here, since, under Oregon law, Plaintiff must establish that, as he alleged in the TAC, he relied on the alleged written misrepresentations on the product packaging (TAC, ¶ 84), even though a class member in Georgia, for example, may not be required to establish such reliance.

Moreover, what constitutes justifiable reliance differs among states. In Oregon, New York and Kansas, whether reliance is justified hinges on *subjective* factors such as the plaintiff's ability to reveal and/or investigate the truth of the allegedly fraudulent statement and the relative sophistication of the particular plaintiff. *See e.g., DCCI, LLC v. Keith*, 2014 WL 1269696, at *3 (D. Or. Mar. 26, 2014) (dismissing plaintiff's fraud claim and holding that "fail[ure] to investigate despite being given the opportunity to do so . . . may result in the loss of the right to rely on the seller's representations"); *Banque Franco-Hellenique de Commerce Intern., et Maritime, S.A. v. Christophides*, 106 F.3d 22, 26-27 (2d Cir. 1997) (finding that analysis of

---

[3] *See Kreidler v. Taylor*, 473 F. Supp. 2d 1090, 1103-04 (D. Or. 2007) (setting forth elements of common law fraud); *Fisher v. Grove Farm Co.*, 230 P.3d 382, 403 (Haw. Ct. App. 2009) (rejecting plaintiff's assertion that "a group's reliance can take the place of the reliance of an individual member of that group for the purpose of establishing fraud" and holding that, "in Hawai'i, [f]raud is never presumed") (internal quotation omitted); *Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009) ("Fraud is never presumed and each of its elements must be proved by clear and convincing evidence."); *Priddy v. Rawson*, 282 S.W.3d 588, 598 (Tex. Ct. App. 2009) ("Fraud is never presumed, and when it is alleged, the facts sustaining it must be clearly shown.").

[4] *See Life Ins. Co. of Ga. v. Meeks*, 617 S.E.2d 179, 185 (Ga. Ct. App. 2005) ("In claims of fraud based upon written representations, the reliance element may sometimes be presumed."); *Carder Buick-Olds Co., Inc. v. Reynolds & Reynolds, Inc.*, 775 N.E.2d 531, 540 (Ohio Ct. App. 2002) (holding that reliance can in some cases be presumed).

**Page 12 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

reasonable reliance in "fraud cases under New York law has taken account of the degree to which the truth was accessible to the defrauded person"); *Prof'l Serv. Indus., Inc. v. Kimbrell*, 834 F. Supp. 1289, 1304 (D. Kan. 1993) (dismissing fraud claim under Kansas common law where plaintiff had a high degree of sophistication in financial affairs and had reasonable access to the true state of affairs). Other states, however, apply a more objective standard, and examine the issue of justifiable reliance by asking whether a "reasonable" or "ordinary" person would have relied on the misrepresentation. *See e.g., Brown v. Broadway Perryville Lumber Co.*, 508 N.E.2d 1170, 1176 (Ill. Ct. App. 1987) (noting that the element of justifiable reliance requires the court to determine "whether the facts were such as to put a reasonable man on inquiry"); *Sitrick v. Citigroup Global Markets*, 2009 WL 1298148, at *18 (C.D. Cal. Apr. 30, 2009) (applying California law and noting that reasonable reliance must be examined through the lens of a person of "ordinary intelligence").

This difference is material in this case because Plaintiff's claim under Oregon law would fail if he, as a medical doctor (*see* TAC, Caption), did not prove that he "justifiably relied upon the false representations when purchasing the Accused Products" (TAC, ¶ 84), while class members in other states would not necessarily need to prove their reliance was subjectively justifiable.

In addition, a plaintiff's burden of proof on a fraud claim varies among the states. In Oregon and other states, the plaintiff must prove fraud by clear and convincing evidence. *See e.g., Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 82 Or. App. 458, 460, 728 P.2d 577 (1986) (holding "[f]raud must be proved by clear and convincing evidence," and trial court committed reversible error by instructing jury that fraud could be proved by a preponderance of the evidence); *Barr v. Dyke*, 49 A.3d 1280, 1286 (Me. 2012); *ITT Hartford Grp., Inc. v. Va. Fin.*

**Page 13 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

*Assocs., Inc.*, 520 S.E.2d 355, 361 (Va. 1999).  Other states have a much lower standard, requiring the plaintiff to prove fraud by a preponderance of the evidence.  *See e.g., Cincinnati Life Ins. Co. v. Mickles*, 148 S.W.3d 768, 778-79 (Ark. Ct. App. 2004); *Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 807 (Del. Ch. 2014).

In this case, this difference is material because Plaintiff's inability to establish the elements of fraud by clear and convincing evidence may doom his fraud claim under Oregon law, but would not necessarily be fatal to class members in other states.  *See Glenn v. Hyundai Motor Am.*, 2016 WL 3621280, at *7 (C.D. Cal. June 24, 2016) (finding that "differences in the relevant burdens of proof" for a particular cause of action are material).

Lastly, not only does the statute of limitations for a fraud claim vary among the states,[5] but states also differ on application of the "discovery rule."  In some states, like Oregon, the discovery rule tolls the applicable limitations period until the plaintiff has actual or constructive notice of the fraud.  *See e.g.*, O.R.S. § 12.110(1) ("[I]n an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."); N.C. Gen. Stat. § 1-52; Minn. Stat. Ann. § 541.05.  In other states, the discovery rule does not simply toll the beginning of the running of the limitations period, but rather operates to give the plaintiff a period of time (albeit one shorter than limitations period) to bring his or her claim.  *See e.g.,* N.Y. C.P.L.R. 213(8) ("[T]he time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the

---

[5] In Oregon, the statute of limitations on fraud is two years.  *See* O.R.S. § 12.110(1).  In other states, the limitations period for a cause of action for fraud is three years.  *See e.g.,* Idaho Code § 5-218(4); Ariz. Rev. Stat. Ann. § 12-543(3); N.C. Gen. Stat. § 1-52(9); Cal. Code Civ. Proc. § 338(d).  In other states, the limitations period is four years.  *See e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4); Ohio Rev. Code Ann. § 2305.09(c).  Other states set a limitations period of five years for fraud claims.  *See e.g.,* Iowa Code § 614.1(4); Mo. Rev. Stat. § 516.120(5); Ky. Rev. Stat. § 413.120(11).  And still others apply a six-year statute of limitations to such claims.  *See e.g.* N.Y. C.P.L.R. 213(8); S.D. Codified Laws § 15-2-13(6).

**Page 14 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

time the plaintiff or the person under whom the plaintiff claims discovered the fraud."); Ala. Code § 6-2-3 (stating that where a fraud claim would otherwise be barred by the statute of limitations, "the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.").  In still other states, there are statutes of ultimate repose which bar fraud claims after a certain period of time, regardless of when the fraud was discovered.  *See Ellison v. Fry*, 437 S.W.3d 762, 765 (Mo. 2014) (En Banc) ("[N]o claim of fraud may be brought more than 15 years after the fraud occurred, even if the fraud is concealed for a longer period."); *Eastridge v. Goodrich Corp.*, 2013 WL 5460868, at *5 (W.D. Ky. Sept. 30, 2013) (applying Kentucky law and holding that "[i]n all cases, however, the claim must be commenced no later than ten years from the perpetration of the fraud . . . even if the injured party did not know of the fraud before the time limit expires").

Here, variations in the discovery rule across different states' laws are material, because evidence relating to the discovery of the purported misrepresentations would have no effect on whether the claims of class members in some states would be barred, while for class members in other states such evidence could be determinative of whether they could bring a claim.  *See Gustafson v. BAC Home Loans Servicing, L.P.*, 294 F.R.D. 529, 546 (C.D. Cal. 2013) (finding that variations in "states' rules regarding equitable tolling, application of the discovery rule, and other related principles, varie[d] greatly" and counseled against allowing nationwide class claims to proceed).

In sum, though the elements of common law fraud may be similar among the states, the manner in which courts apply those elements differs materially from state to state, making nationwide adjudication of the claim improper.

**Page 15 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

       (b)    <u>All Fifty States Have a Substantial Interest in Having Their Laws Applied to the Nationwide Claims</u>

The second step in Oregon's choice-of-law analysis is to determine whether multiple states have a substantial interest in having their laws applied to the dispute. *Indoor Billboard Nw., Inc.*, 2013 WL 3146850, at *3. This is the case here.

Each state implicated by Plaintiff's nationwide class would have a substantial interest in applying its own law. This is because all of Plaintiff's claims, including the Nationwide Claims, revolve around the same kind of transaction – the purchase of one or more of the Accused VS Products from a Vitamin Shoppe retailer – and each state's law strikes a particular balance between protecting the purchasers on the one hand, and making one's state attractive to manufacturers and retailers on the other. *See Mazza*, 666 F.3d at 591-592, 593 (noting that each state has an interest in "set[ting] the proper balance and boundaries between maintaining consumer protection . . . and encouraging an attractive business climate" and "in applying its law to transactions within its borders"); *see also Gianino v. Alcer Corp.*, 846 F. Supp. 2d 1096, 1102 (C.D. Cal. 2012) ("[The] fraud law of every state is important. The law reflects the state's reasoned judgment as to what conduct is permitted or proscribed within that state's borders.").

By contrast, Oregon's interest in applying its law on a nationwide basis is not strong in this case. Though Plaintiff is an Oregon resident, VSI is a Delaware corporation headquartered in New Jersey that conducts business in numerous states outside of Oregon. In these circumstances, each of the fifty states has a substantial interest in having its laws applied to transactions which occurred within its borders.

       (c)    <u>The State Where Each Class Member Made Her Purchase Has a More Significant Relationship to the Claims than Any Other State</u>

Lastly, for each class member, it is the state where she made her purchase that has the most significant relationship with the unjust enrichment and fraud claims.

**Page 16 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

As discussed above, if multiple states are found to have a substantial interest in having their laws applied, "the Oregon Supreme Court has adopted the 'most significant relationship' approach of the Restatement (Second) Conflict of Laws." *Indoor Billboard Nw., Inc.*, 2013 WL 3146850, at *3; *see also Portland Trailer & Equip., Inc. v. A-1 Freeman Moving & Storage, Inc.*, 182 Or. App. 347, 358, 49 P.3d 803, 809 (2002) ("Oregon has adopted the choice of law rule[] . . . [known as the] 'most significant relationship' test."). The *Restatement* sets forth similar factors for determining which state has the most significant relationship to a fraud claim. *See* Restatement (Second) of Conflict of Laws, § 148 (1971) (including as relevant factors "the place, or places, where the plaintiff acted in reliance upon the defendant's representations," "the place where the plaintiff received the representations," "the place where the defendant made the representations," and "the place where a tangible thing which is the subject of the transaction between the parties was situated at the time"). In this case, the foregoing considerations will be different for class members in each of the relevant states. The place where VSI's alleged misrepresentations were made, received, and relied upon, as well as where the Accused VS Product was situated, will vary for each class member residing in a different state.

In situations such as this, a Nationwide Class is simply untenable.

2. ***Under Oregon Statute, the Law of the State where the Purchase Was Made Governs***

Application of Oregon's choice-of-law statute governing non-contract claims (O.R.S. § 15.400 *et seq.*) similarly requires that class members' claims be governed by the laws of the state in which each class member made his or her purchase. Under O.R.S. § 15.440, where "the injured person and the person whose conduct caused the injury were domiciled in different

states[,]"[6] but one of them resides in the state where the injurious conduct and resulting injury occurred,[7] then the law of the state where the injurious conduct and the resulting injury occurred governs the claims.  This standard applies so long as the application of the law of those two states "would produce a different outcome."  *Id*. at (3).

As outlined below, both the injurious conduct and the resulting injuries occurred in the state where each class member purchased the Accused VS Products.  Since the unjust enrichment and fraud laws of the fifty states materially differ and would produce different outcomes for class members, Plaintiff's nationwide class allegations fail.

>    (a)    *Both the Injurious Conduct and the Resulting Injury Occurred in the State where Each Class Member Made his or her Purchase*

VSI's purportedly injurious conduct in this case occurred in each class member's state of purchase.  Numerous courts facing similar claims have determined, under analogous state laws, that a defendant's purported fraud on the consumer occurs in the state where the purchase was made.  *See e.g., Gianino*, 846 F. Supp. 2d at 1103 (holding that "the place of the wrong" is "where the misrepresentations were communicated to the consumer"); *Glenn*, 2016 WL 3621280, at *9 (finding that California law could not apply to transactions that "took place in Alabama, New Hampshire, Texas, and Washington," notwithstanding the fact that the defendant was headquartered in California, because "Plaintiffs received advertising material, conducted research, spoke with dealership personnel, and ultimately purchased [the products] in those states"); *Frezza v. Google Inc.*, 2013 WL 1736788, at *5 (N.D. Cal. Apr. 22, 2013) (finding that California law could not apply, even where the "the allegedly fraudulent representations

---

[6] Plaintiff is a resident of Oregon (TAC, ¶ 6) and VSI is incorporated in Delaware and headquartered in New Jersey (*id*. at ¶ 7).

[7] Plaintiff made his purchase in Oregon, where he was domiciled (*id.* at ¶ 46).

**Page 18 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

originated from California," because "the *transactions* at the center of the dispute" occurred

elsewhere) (emphasis in original). In this case, Plaintiff alleges that VSI made

misrepresentations at the point of sale, in Plaintiff's home state. TAC, ¶¶ 25, 46 (describing how

"VSI shelves the Accused Products" in its stores in an allegedly misleading manner, and how

Plaintiff allegedly entered a VSI store in Oregon, was misled by an Accused VS Product's

packaging, and a result purchased an Accused VS Product there).

Similarly, the alleged injury to each class member occurred in the state where they

purchased the Accused VS Products. *See Hale v. Enerco Grp., Inc.*, 288 F.R.D. 139, 144 (N.D.

Ohio 2012) ("There is no disagreement among the parties that the place of injury is found within

any jurisdiction where a potential class member purchased [the product]; after all, the purchase

precipitates the loss.").

Thus, because (a) application of the law of each class members' state of purchase would

produce different outcomes and (b) the injurious conduct and the resulting injury both took place

at the point of sale, Oregon statute requires that the laws of the state where each class member

purchased Accused VS Products govern his or her claims.

> (b)     *The Laws of the Fifty States on Unjust Enrichment and Fraud*
> *Would Produce a Different Outcome in this Case*

As explained above in section I.A.1(a), there are numerous material differences between

the unjust enrichment and fraud laws of the fifty states that would produce a different outcome as

to class members' claims. Indeed, the "different outcomes" language of the Oregon statute is

echoed in the holding of the Ninth Circuit in *Mazza*, which found that conflict of law exists

where differences in state law "will spell the difference between the success and failure of a

claim." *See* 666 F.3d 581. Thus, under the Oregon statute (as under the common law), each

**Page 19 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING
MEMORANDUM**

class member's claims must be governed by the laws of the state where the individual purchase was made. [8]

### B.   The Application of Each State's Law Destroys Commonality and Predominance

As explained above, under either the traditional common law approach or the Oregon statute, each state's law applies to the purported Nationwide Claims.  In such circumstances, there can be no predominance or commonality, and, accordingly, no nationwide class action.  *See Mazza*, 666 F.3d at 596 ("Because the law of multiple jurisdictions applies here to any nationwide class of purchasers [,] . . . variances in state law overwhelm common issues and preclude predominance for a single nationwide class.").  *Hutson v. Rexall Sundown, Inc.*, 837 So. 2d 1090 (Fla. Dist. Ct. App. 2003) is exactly on point.  In *Hutson*, the plaintiff sought to certify a nationwide class of consumers who purchased "Calcium 900" and "Calcium 1200" tablets manufactured by defendant alleging that the "labels and point of purchase marketing" for the products led consumers to believe they "contained 900 and 1200 milligrams of calcium, respectively, when in fact, each softgel contained only 300 milligrams and 600 milligrams of calcium, respectively."  *Id.* at 1091.  The trial court refused to certify the nationwide class, and the Florida Court of Appeal affirmed.  *Id.* at 1095.  In so doing, the court held that individual questions predominated over common ones because "[t]he alleged wrong was committed, and the damage was done, at the site of the sale of appellees' products; that is, in the various states where members of the purported class made their purchase . . . [and accordingly,] claims of non-resident consumers would require the application of consumer protection laws from each of the

---

[8] While O.R.S. section 15.440 controls in this case, it is worth noting that the so-called "residual" choice-of-law analysis codified at section 15.445 similarly would require application of the law of the state where each class member made his or her purchase.  *See* O.R.S. § 15.445 (noting that among the factors to be considered in the choice of law analysis are "the place in which the relationship between the parties was centered" and "the policy of minimizing adverse effects on strongly held policies of other states").

**Page 20 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

states where the deceptive trade practice occurred and the non-resident claimants suffered injury." *Id.* at 1094.

Indeed, courts across the country have found that unjust enrichment simply cannot proceed on nationwide class basis. *See e.g., Hughes v. The Ester C Co.*, 317 F.R.D. 333, 353 (E.D.N.Y. 2016) ("[Material] variations . . . exist with respect to Plaintiffs' unjust enrichment claims. Indeed, courts have determined that the states' unjust-enrichment laws vary in relevant respects."); *Stitt v. Citibank*, 2015 WL 9177662, at *4 (N.D. Cal. Dec. 17, 2015) ("[I]n *Mazza v. American Honda Motor Co., Inc.*, the Ninth Circuit unequivocally held that the elements necessary to establish a claim for unjust enrichment . . . vary materially from state to state."); *Kunzelmann v. Wells Fargo Bank, N.A.*, 2013 WL 139913, at *10 (S.D. Fla. Jan. 10, 2013) ("The law of unjust enrichment varies significantly from state to state."); *Dapeer v. Neutrogena Corp.*, 2015 WL 10521637, at *4-5 (S.D. Fla. Dec. 1, 2015) ("While Plaintiff argues that 'the law of unjust enrichment is largely uniform,' an objective review of the research belies this assertion . . . . Even a perfunctory analysis reveals that there would be vast differences between the black-letter laws of the states."); *In re Conagra Peanut Butter Prod. Liab. Litig.*, 251 F.R.D. 689, 697–98 (N.D. Ga. 2008) (finding that unjust enrichment claims could not proceed on a class-wide basis and rejecting plaintiff's attempt to "downplay[] the significance of state law variations"); *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 583–84 (N.D. Ill. 2008), *aff'd*, 612 F.3d 932 (7th Cir. 2010) (finding that even a "brief review" of different states' law "reveals that the elements of unjust enrichment vary across jurisdictions"); *see also* Motion to Dismiss SAC, Dkt. No. 24, at 35 n.15 (citing *Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 513 (D. Minn. 2014); *Gustafson v. BAC Home Loans Servicing, L.P.*, 294 F.R.D. 529, 548 (C.D. Cal. 2013); *Makaeff v. Trump Univ.*, 2014 WL 688164, at *18 (S.D. Cal. Feb. 21, 2014)). Indeed, as the court in *Stitt*

**Page 21 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

pointed out, "[n]o court in this Circuit has certified a nationwide unjust enrichment class since *Mazza*." 2015 WL 9177662, at *4.

Similarly, many courts have found that common law fraud claims cannot proceed on a nationwide basis. *See e.g., Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *13 (N.D. Cal. Aug. 15, 2016) ("Material variations also exist among the states' laws regarding common law fraud."); *Hale v. Enerco Grp., Inc.*, 288 F.R.D. 139, 147 (N.D. Ohio 2012) (refusing to certify a nationwide common law fraud class because the result would be that "the jury would be inundated with voluminous instructions expressing diverse formulations" of the law); *Gianino*, 846 F. Supp. 2d at 1102 (refusing to certify a common law fraud claim because there were numerous material differences in state law).

Given the impossibility of Plaintiff being able to proceed with his claims on a nationwide basis, the Court should dismiss or strike the Nationwide Claims at the pleadings stage, before unnecessary time and resources are expended by the parties and the Court, just as it struck the class claims in *Bates*, *supra*. *See Bates*, 993 F. Supp. 2d at 1342-43 (Papak, J.) (striking class allegations at the pleadings stage, and disagreeing with plaintiffs' argument that "defendants' motion to strike should be deferred until such time as the parties have exchanged documents in class-related discovery"); *see also* Fed. R. Civ. P. 23(c)(1)(A) (providing that a court must determine whether a class action can be maintained "[a]t an early practicable time after" a person brings a class action suit); *Speers v. Pre-Employ.com, Inc.*, 2014 WL 2611259, at *2 (D. Or. May 14, 2013) (dismissing class claims pursuant to 12(b)(6) motion and noting that "a defendant may move to dismiss class allegations prior to discovery in appropriate cases").

Indeed, in the wake of *Mazza*, myriad courts in this Circuit and elsewhere have dismissed and/or stricken nationwide class allegations such as those at issue here at the pleadings stage of

**Page 22 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

the proceedings. *See e.g., Cowen v. Lenny & Larry's, Inc.*, 2017 WL 4572201, at *4 (N.D. Ill. Oct. 12, 2017) (holding that "[d]istrict courts, both within this district and others, have held that a motion to strike class allegations . . . is an appropriate devise to determine whether the case will proceed as a class action," and striking plaintiffs' nationwide unjust enrichment and misrepresentation classes because applying the "laws of fifty different states . . . is unmanageable on a class-wide basis because those states' laws conflict in material ways"); *Smith v. Allmax Nutrition, Inc.*, 2015 WL 9434768, at *10 (E.D. Cal. Dec. 24, 2015) (dismissing plaintiff's nationwide class allegations where plaintiff alleged he was "a California resident and purchased the product in California"); *Kramer v. Wilson Sporting Goods Co.*, 2013 WL 12133670, at *4 (C.D. Cal. Dec. 13, 2013) (striking nationwide fraud class allegations because "[t]he Court concludes that it is obvious from the pleadings that a nationwide class cannot be maintained under Federal Rule of Civil Procedure 23(b)(3) . . . [given] that common issues of law do not predominate because the Court would have to apply the laws of all 50 states to decide the class claims"); *see also* Motion to Dismiss SAC, Dkt. No. 24, at 34-35 (citing *Banks v. Nissan N. Am., Inc.*, 2012 WL 8969415, at *1 (N.D. Cal. Mar. 20, 2012); *Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013); *Frezza*, 2013 WL 1736788, at *6-7; *Ortega v. Natural Balance, Inc.*, 2013 WL 6596792, at *5 (C.D. Cal. Dec. 16, 2013); *Koehler v. Litehouse, Inc.*, 2012 WL 6217635, at *7 (N.D. Cal. Dec. 13, 2012)).

Accordingly, Plaintiff's Nationwide Classes should be stricken.

## II.    PLAINTIFF CANNOT SEEK INJUNCTIVE RELIEF AGAINST VSI BECAUSE HE LACKS ARTICLE III STANDING TO SEEK SUCH RELIEF

Plaintiff's claim for injunctive relief should be dismissed for lack of Article III standing because he is under no realistic threat of being deceived again by VSI, given he is now aware of VSI's allegedly deceptive conduct. A plaintiff may not invoke the jurisdiction of federal courts

unless he has standing to bring suit under Article III of the U.S. Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (the party invoking federal jurisdiction bears the burden of establishing standing). To demonstrate standing, a plaintiff must allege "an injury in fact" that is: (i) sufficiently "concrete and particularized and actual or imminent," (ii) "fairly traceable to the challenged action of the defendant," and (iii) likely to be "redressed by a favorable decision." *Id.* at 560-561 (internal quotations and citations omitted). A plaintiff must show standing "with respect to each form of relief sought." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011).

Bedrock Supreme Court precedent holds that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . ." *Lujan*, 504 U.S. at 564. Instead, where a plaintiff seeks *prospective* injunctive relief – as does Plaintiff here – the plaintiff must establish that he is "realistically threatened by a *repetition of the injury* that the injunction seeks to redress." *Tarhuni v. Holder*, 8 F. Supp. 3d 1253, 1267-68 (D. Or. 2014) (internal citations and quotation marks omitted, emphasis added); *see also B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).

With this in mind, federal courts consistently dismiss or strike claims for prospective injunctive relief where there is no likelihood that the plaintiff will use or purchase the challenged product(s) in the future, or, even if the plaintiff does purchase the product(s), there is no likelihood that he will again be deceived. *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007), is instructive. In that case, the plaintiff alleged that the thread count of bed linens she purchased on the defendants' website was lower than advertised, in violation of California's consumer protection laws. *Id.* at 941-42. The Court, *sua sponte*, dismissed the plaintiff's request for injunctive relief. *Id.* at 951. In so doing, the Court reasoned that it was

**Page 24 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

"unclear how prospective relief will address [plaintiff's] injury, since she is now fully aware of the linens' thread count," and the complaint contained "no allegations suggesting [plaintiff] intends to buy linens from [defendant] in the future." *Id.*

Recent decisions from district courts in the Ninth Circuit and across the country affirm that conclusion in *Cattie. See e.g., Panitch v. The Quaker Oats Co.*, 2017 WL 3922149, at *3 (N.D. Ill. Sept. 6, 2017) ("Plaintiffs' claims for injunctive relief also fail for lack of standing—now that Plaintiffs are aware of [defendant's] alleged misrepresentations [relating to 'natural' and 'heart healthy' product labeling], Plaintiffs cannot claim to be misled by [defendant's] advertising in the future."); *Broomfield v. Craft Brewing Alliance, Inc.*, 2017 WL 3838453, at *11 (N.D. Cal. Sept. 1, 2017) ("Now that Plaintiffs clearly are aware that the . . . Kona beer they purchased were not brewed in Hawaii, it is unlikely, based upon their own allegations, that Plaintiffs would suffer the same harm again."); *Dennis v. Ralph Lauren Corp.*, 2017 WL 3732103, at *8 (S.D. Cal. Aug. 29, 2017) (finding lack of standing for injunctive relief where "[t]he facts alleged in the SAC are insufficient to suggest that Plaintiff would purchase another Polo Ralph Lauren retail item in the future" given that she was now aware of defendant's allegedly "systematic scheme of discounting their merchandise without ever offering the merchandise for sale at its supposed 'Our Price' price"); *see also* Motion to Dismiss SAC, Dkt. No. 24, at 9 (citing *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1151 & n.17 (N.D. Cal. 2010), *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 626 (N.D. Cal. 2011), *Delarosa v. Boiron, Inc.*, 2012 WL 8716658, at *4 (C.D. Cal. Dec. 28, 2012), *Castagnola v. Hewlett-Packard Co.*, 2012 WL 2159385, at *6 (N.D. Cal. Jun. 13, 2012)).

Plaintiff in this case has not shown any possibility, let alone likelihood, that his alleged injuries will occur again.  Instead, Plaintiff here seeks an injunction preventing VSI from

engaging in any "*further* misconduct at issue in this action" and "*further* violations of O.R.S. § 646.608 *et seq.*"  TAC, Request for Relief, ¶¶ E, H (emphasis added).  Indeed, the TAC is wholly devoid of any allegation that Plaintiff has any intention to again purchase the Accused VS Product he previously purchased, or any other Accused VS Product.  And even if he were to purchase one of the Accused VS Products in the future, he could not plausibly allege that he will be deceived again, since he admits that he is now aware of the alleged deception.  *See* TAC, ¶¶ 27, 33 (noting that the "serving size" is displayed on the Supplement Facts Panel on the back of the Accused VS Products); *see also Marino v. Coach, Inc.*, 2017 WL 3731954, at *3 (S.D.N.Y. Aug. 28, 2017) (finding plaintiffs would lack standing for injunctive relief even if they had "alleged that they intend to purchase products from [defendant's] stores in the future" because they "now that they know that the MFSRPs are not former prices, [and thus] they cannot be misled."); *Haley v. Macy's, Inc.*, 2017 WL 2902903, at *4 (N.D. Cal. July 7, 2017) (dismissing claim for injunctive relief because although "Plaintiffs contend that they have alleged facts showing that they are at risk of future injury sufficient to support injunctive relief because they 'have alleged an intent to buy in the future,'" it was "implausible that Plaintiffs risk being harmed by the same pricing scheme again now that they are aware of how it works.").[9]

With no likelihood of repeated injury, Plaintiff does not have standing to seek injunctive relief, and his request for such relief – set forth in ¶¶ E and H of Plaintiff's Request for Relief – must be stricken from the TAC.  Plaintiff's request for reasonable costs and fees "incurred by

---

[9] And regardless of whatever interest Oregon or any other state's law may have in preventing allegedly misleading advertising through the use of injunctions, there is no public policy exception to Article III's requirement that the *named* plaintiff have standing to seek injunctive relief.  *See Price v. Synapse Grp., Inc.*, 2017 WL 3131700, at *14 (S.D. Cal. July 24, 2017) ("[P]olicy concerns animating California's consumer protection regime do not justify a looser reading of Article III's standing requirements."); *Jones v. Nutiva, Inc.*, 2016 WL 5210935, at *10 (N.D. Cal. Sept. 22, 2016) ("[S]tate policy objectives cannot trump the requirements of Article III.").

**Page 26 – DEFENDANT'S MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM**

Plaintiff and the Class necessary to obtain injunctive relief" (TAC, Request for Relief, ¶ G) must likewise be stricken, since Plaintiff cannot maintain his claim for an injunction.

## **CONCLUSION**

For all of the foregoing reasons, VSI respectfully requests that this Court grant its Motions in their entirety, and: (1) dismiss or strike the Nationwide Claims and strike all allegations relating to the Nationwide Claims because differences in state law are material and destroy the elements of commonality and predominance set forth in Fed. R. Civ. P. 23; and (2) dismiss or strike Plaintiff's claim for injunctive relief for lack of standing under Article III of the U.S. Constitution.

VSI further respectfully requests that its Motions be granted without leave to amend due to Plaintiff having already amended his complaint three times.

DATED this 20th day of October, 2017.

MARKOWITZ HERBOLD, P.C.


By:    */s/ Chad M. Colton*
     Chad M. Colton, OSB #065774
     (503) 295-3085
     Of Attorneys for Defendant Vitamin Shoppe
     Industries Inc.

VENABLE LLP


By:    */s/ Angel A. Garganta*
     Angel A. Garganta (*admitted pro hac vice*)
     (415) 653-3750
     Of Attorneys for Defendant Vitamin Shoppe
     Industries Inc.