**Chad M. Colton, OSB #065774**
ChadColton@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tel: (503) 295-3085
Fax: (503) 323-9105

**Angel A. Garganta** (*admitted pro hac vice*)
AGarganta@venable.com
**Amit Rana** (*admitted pro hac vice*)
ARana@Venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Tel: (415) 653-3750
Fax: (415) 653-3755

    Attorneys for Defendant Vitamin Shoppe, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEE WALTERS, MD**, an Oregon resident; **ROBBIE LINDORES**, a California resident; and **KAREN CARAVELLO**, a Washington resident,<br><br>    Plaintiffs,<br><br>vs.<br><br>**VITAMIN SHOPPE INDUSTRIES, INC.**, a Delaware corporation,<br><br>    Defendant. | No.: 3:14-cv-01173-JR<br><br>**DEFENDANT VITAMIN SHOPPE INDUSTRIES, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1) PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO INTERROGATORY NUMBERS 12 AND 13-16** |

**INTRODUCTION**

    Plaintiffs' motion to compel fails to offer sufficient justification why Vitamin Shoppe

Industries, LLC ("VSI") should be required to comply with overbroad, unduly burdensome, and

**Page 1 -** DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1) PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO INTERROGATORY NUMBERS 12 AND 13-16

improper document requests and interrogatories. First, Plaintiffs' overbroad interrogatories violate District of Oregon Local Rule of Civil Procedure 33-1(d), as they ask VSI to "state all facts" refuting certain argumentative statements in Plaintiffs' complaint. Second, RFPs 26-27 and 30-31 are overbroad, irrelevant, and not proportional to the needs of this case. Those requests seek documents relating to *every* VSI product sold over the past 17 years, not just the 46 products at issue in this case. Yet Plaintiffs provide no explanation why they need documents that are unrelated to the products at issue here, much less why their need for these documents outweighs the burden that searching for, reviewing, and producing such documents would impose on VSI. Finally, Plaintiffs move to compel RFP Nos. 35-49, which impermissibly seek to preview VSI's arguments and strategies and thus are protected by the work product doctrine. Regardless, VSI has already produced documents responsive to RFP Nos. 35-49. Accordingly, VSI respectfully requests Plaintiffs' motion to compel be denied in its entirety.

## BRIEF PROCEDURAL HISTORY

This action commenced in 2014 when Plaintiffs filed their original Complaint. After many years of litigation, the operative complaint is now Plaintiffs' Fifth Amended Complaint, which was filed on October 7, 2019. The Fifth Amended Complaint lists 46 products (the "Accused Products") which Plaintiffs contend are misleadingly labeled. VSI has produced extensive data and documents in this case, including sales data, hundreds of product labels, price history, and purchase history from its "Healthy Rewards" membership program for each of the Accused Products. Decl. of Amit Rana ("Rana Decl.") ¶ 3.

Additionally, in late 2019 and early 2020, the parties negotiated an ESI protocol over many months to govern the search for and collection of further responsive documents. *Id.* ¶ 4. Using broad search terms proposed by Plaintiffs' counsel to capture documents Plaintiffs believe are relevant to their claims, VSI collected and produced electronically stored documents from several of VSI's custodians from 2004 to November 2019. *Id.* This process involved running search terms in hundreds of thousands of documents and then reviewing many thousands of documents for responsiveness, confidentiality, and privilege. *Id.* ¶ 5. VSI then produced over

Page 2 -  DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1)
         PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION
         NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO
         INTERROGATORY NUMBERS 12 AND 13-16

6,000 files, totaling over 27,000 pages of documents, in March through May of 2020, pursuant to the agreed upon ESI protocol. *Id.* After the final production in May 2020, Plaintiffs raised no objections or concerns regarding the scope of VSI's production. *Id.* ¶ 6.

Then, in November 2020, Plaintiffs served 23 more sweeping RFPs, broadly seeking documents relating to every VSI product, and 16 "state all facts" interrogatories.

## LEGAL ARGUMENT

### I.    Plaintiffs' Interrogatories Are Improper

Plaintiffs move to compel responses to Interrogatories 12-16, all of which are improper "state all facts" interrogatories that violate District of Oregon Local Rule of Civil Procedure 33-1(d). That Rule states that "[b]road general interrogatories, such as those that ask an opposing party to 'state all facts on which a claim or defense is based' . . . are not permitted." The cases from this District applying Local Rule 33-1(d) have repeatedly found "state all facts" interrogatories such as Plaintiffs' to be improper. *See, e.g., U.S. Trustee v. Szanto*, 2019 WL 169195, at *3 (Bankr. D. Or. Jan. 10, 2019) ("Courts interpreting Local Rule 33-1(d) do not generally permit 'state all facts'-style interrogatories."); *Tripwire, Inc. v. UpGuard, Inc.*, 2017 WL 8682354, at *3 (D. Or. Nov. 13, 2017) ("[D]efendants' interrogatories are overly broad and ask for plaintiff to provide 'all facts' that form the basis of almost every one of plaintiff's claims."). On their face, Plaintiffs' Interrogatories plainly violate L.R. 33-1(d).

Plaintiffs argue that Local Rule 33-1(d)'s bar on "state all facts" interrogatories does not apply to their Interrogatories because they include the word "contend," are thus "merely contention interrogatories." *See* Mot. at 17. But simply including the word "contend" does not transform an otherwise improper "state all facts" interrogatory into a permissible one. If a party could avoid the proscriptive effect of the Local Rule by simply inserting the word "contend" into an interrogatory, the Local Rule would be meaningless. None of the cases Plaintiffs cite hold otherwise, because they do not address the type of "state all facts" interrogatories Plaintiffs have propounded here. In *EEOC v. U.S. Bakery*, 2003 WL 23538023, at *2-3 (D. Or. Nov. 20, 2003), for example, the Court allowed an interrogatory asking a defendant to "describe the factual and

**Page 3 -    DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1) PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO INTERROGATORY NUMBERS 12 AND 13-16**

legal basis" for a defense, because it was *not* the same as an impermissible "general interrogatory requesting [defendant] to state all facts on which a contention is based," like the ones at issue here. *See also Kinnee v. Shack, Inc.*, 2008 WL 1995458, at *2-3 (D. Or. May 6, 2008) (interrogatory asking for the basis of an affirmative defense was permissible because it did not require defendant "to state all facts nor apply any law to any facts"); *Childs v. T-Mobile, Inc.*, 2010 WL 11700661, at *3 (D. Or. Mar. 2, 2010) (interrogatories asking defendants to provide facts and legal theories were not improper "state all facts" interrogatories prohibited by Local Rule 33-1(d)). Here, Interrogatories 12-15 ask VSI to "state all facts that you contend refute" various allegations in the Complaint—which is exactly what Local Rule 33-1(d) prohibits.

Even putting aside Local Rule 33-1(d)'s prohibition on "state all facts" interrogatories, courts in the Ninth Circuit find "state all facts" interrogatories impermissible under Rule 26. *See In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008) ("[P]ursuant to Rule 26, because the contention interrogatories eBay advances seek 'all facts' supporting Malone's allegations, they are overly broad and unduly burdensome on their face."); *Anaya v. CBS Broad. Inc.*, 2007 WL 2219458, at *6 (D. N.M. May 16, 2007) ("A contention interrogatory that seeks, in one paragraph, all of the facts supporting allegations, however, is overly broad and unduly burdensome on its face."). Interrogatories 12-15 are also impermissibly vague and overbroad because they ask VSI to prove a negative (*i.e.*, "state all facts that you contend refute" a false allegation). *See Hanford Exec. Mgmt. Employee Ass'n v. City of Hanford*, 2013 WL 5671460, at *9 (E.D. Cal. Oct. 17, 2013) (finding a contention interrogatory "particularly unwieldy because it asks for all facts which support a negative proposition"). Under these authorities and Local Rule 33-1(d), Plaintiffs' motion to compel responses to Interrogatories 12-16 should be denied.

**II.     Requests for Production Nos. 26-27 and 30-31 Are Overbroad, Irrelevant, and Not Proportional to the Needs of the Case**

RFP Nos. 26-27 and 30-31 seek documents relating to the pricing and labeling of *every* product VSI has sold over the past 16 years. That is, in a case involving 46 specific products, and

Page 4 -   DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1) PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO INTERROGATORY NUMBERS 12 AND 13-16

after having engaged in years of discovery during which VSI produced thousands of documents relating to those products, Plaintiffs now demand that VSI provide similar documents relating to *every single product the company sells.* These requests are improper on their face and Plaintiffs fail meet their burden to show a \need such sweeping discovery.

### III. Plaintiffs' Requests Are Overbroad, Impose Undue Burden and Expense, and Are Disproportionate to the Needs of the Case

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" No longer can a party propound sweeping discovery requests without regard to proportional relevance; the 2015 Amendment to Rule 26 "restores the proportionality factors to their original place in defining the scope of discovery" and "reinforces the . . . obligation of the parties to consider [proportionality] factors in making discovery requests." Fed. R. Civ. P. 26, Adv. Comm. Note to 2015 Amend. Thus, the Court must limit discovery if "'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Ciuffitelli v. Deloitte & Touche LLP*, 2019 WL 1442223, at *2 (D. Or. Jan. 24, 2019).

Here, the burden and expense of complying with these requests greatly outweigh any likely benefit. First, in the context of a case focused on a small subset of VSI's products, Plaintiffs' demand that VSI search its records going back over 16 years for documents related to labeling and pricing of *every* VSI product is facially overbroad and should be rejected outright. Even so, VSI has submitted evidence showing that the burden these requests would impose exceeds the bounds of Rule 26. Since 2004, VSI has sold over 2,500 different SKUs of products under its private label brand. Decl. of Carlos Lopez ("Lopez Decl.") ¶ 4. Each of these 2,500 products has had several iterations of product labels. *Id.* There are thus an estimated 10,000 plus labels of products sold under the VSI private label brand since 2004. *Id.* VSI retains and archives documents in the normal course of business consistent with its document retention policy. *Id*.

Page 5 -   DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1) PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO INTERROGATORY NUMBERS 12 AND 13-16

¶ 5. For each year of retained documents, VSI possesses hundreds of thousands of documents. *Id.* The burden and expense of reviewing millions of documents regarding products that are not at issue in this case is unwarranted—particularly given that VSI has already searched, collected, and reviewed documents dating back to 2004 for the relevant products.

Against the sweeping scope and burden their requests would impose, Plaintiffs articulate no sufficient explanation as to why they need these documents. All Plaintiffs manage is a vague and generic assertion that "pricing of Non-Accused products old by VSI *may be useful* in forming a damage model" and "internal analyses . . . *may have some bearing* on how to value the Accused Products." Motion at 14, 15 (emphasis added). But as the party requesting the discovery, Plaintiffs bear the burden of showing good cause for the requested documents, *see* Fed. R. Civ. P. 26(b)(2)(B), and the law is well settled that Plaintiffs cannot meet their burden merely by stating that some of these documents *might* have some bearing on undefined damages models that they may or may not use. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 566 (D. Ariz. 2016) (denying discovery that appeared to be "only potentially relevant—more hope than likelihood"). In fact, courts in the Ninth Circuit have rejected attempts to obtain discovery regarding "non-accused products" in the absence of specific and adequate justification. *See, e.g., Optimize Tech. Sols., LLC v. Staples, Inc.*, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) (denying plaintiff's motion to compel documents related to non-accused products where plaintiff's "blanket assertions do not articulate any theory about how the performance of non-accused products could be relevant to damages"); *Odyssey Wireless, Inc. v. Samsung Elecs. Co.*, 2016 WL 7717821, at *2 (S.D. Cal. June 3, 2016) (denying request to compel production of documents where plaintiff "failed to adequately explain how component costs data related to non-accused products is relevant to any of the issues in this case"); *Racing Optics, Inc. v. Aevoe Corp.*, 2016 WL 1595354, at *4 (D. Nev. Apr. 20, 2016) ("Documents that describe the development, manufacture, marketing, sale, and licensing of the Accused Products are relevant to [plaintiff's] damages claims. Documents related to the non-Accused Products are irrelevant to any claim or defense in this lawsuit."). Because Plaintiffs do not adequately explain how their

Page 6 -   DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1) PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO INTERROGATORY NUMBERS 12 AND 13-16

requests relating to non-accused products will help them choose or prove a damage model, they fail to meet their burden under Rule 26(b)(2)(B).

Even if Plaintiffs' vague assertions were sufficient to show these documents may have some bearing on their damages model, that is not the end of the inquiry. Under Rule 26, the Court must consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case . . . and the importance of the proposed discovery in resolving the issues." *Ciuffitelli*, 2019 WL 1442223, at *2. As discussed, these requests would require VSI to review millions of documents relating to over 2,500 products, including 10,000 plus iterations of product labels. But Plaintiffs have—at most—shown only that these documents are "potentially relevant – more hope than likelihood." *In re Bard*, 317 F.R.D. at 566. Thus, RFP Nos. 26-27 and 30-31 fail Rule 26's proportionality requirement and should not be permitted.

## IV. Plaintiffs Offer No Reason Why These Documents Were Not Requested Earlier

Moreover, Plaintiffs provide no explanation why they did not seek these documents when they negotiated the ESI protocol in this case, which has already required VSI to review and produce thousands of documents, resulting in significant attorney time and expense. This case has been pending since 2014; the parties spent many months negotiating an ESI protocol that was used to search, collect, and produce thousands of responsive and relevant documents. In addition to exceeding the permissible scope of discovery under Rule 26, Plaintiffs' demand that VSI re-search, re-collect, re-review, and produce thousands of additional documents that are completely unrelated to the products at issue in this case is untimely and fundamentally unfair to VSI. *See Immunex Corp. v. Sanofi*, 2018 WL 10911888, at *7 (C.D. Cal. Nov. 26, 2018) (denying motion to compel further responses to document requests because it constituted "a last-minute attempt to reopen the previously negotiated scope of document discovery," "the information sought [was] not relevant to any parties' claims or defenses and . . . defendants [did] not demonstrate[] 'good cause' to deviate from the ESI protocol"). Plaintiffs' attempt to compel production of extensive documents relating to products not at issue in this case should be denied.

Page 7 -   DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1) PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO INTERROGATORY NUMBERS 12 AND 13-16

## V. Plaintiffs' Requests for Production Nos. 35-49 Are Overbroad and Call for the Disclosure of Privileged Work Product

Finally, Plaintiffs move to compel responses to 14 RFPs demanding that VSI "produce all documents that [it] contend[s] refute" certain argumentative statements in Plaintiffs' complaint, and one request that VSI "produce all Documents that [it] contend[s] support that individual issues predominate over common issues in the above-entitled putative class action." These requests are improper under Rule 34 and Rule 26—as well as Local Rule 33-1(d).

First, Plaintiffs' requests are improper under Rule 34. The purpose of Rule 34 is to allow parties to obtain documents that have information relevant to the claims or defenses in the case. The purpose is ***not*** to task defendant's counsel with analyzing, organizing, and categorizing the documents according to plaintiffs' allegations. But that is precisely what these RFPs attempt to do: to impose an obligation on VSI's *counsel*—at VSI's expense—to review and analyze every document and identify which documents "refute" certain of Plaintiffs' factual allegations and legal conclusions. RFP No. 49 goes even further, demanding that VSI produce all documents that it contends "support that individual issues predominate over common issues." This request would require VSI's counsel to preview its strategy and arguments in opposition to class certification—a motion that Plaintiffs *have not yet filed*. Indeed, to comply with this request VSI's counsel would have to review every document in the case and make a *legal judgment* whether it "supports" certain *legal arguments* in connection with a motion that has not even been brought. This is not the purpose of Rule 34 requests for production.

Second, this set of "contention RFPs" is a thinly veiled attempt to force VSI to reveal its defense strategies, including the mental impressions, conclusions, opinions, and legal theories of counsel, which are plainly protected by the work product doctrine. *See McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.*, 333 F.R.D. 638, 641 (D. Or. 2019) (main purpose of the "work product doctrine" is to "prevent exploitation of a party's efforts in preparing for litigation"); *see also* Fed. R. Civ. P. 26(b)(3)(B) (court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative

Page 8 -   DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1) PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO INTERROGATORY NUMBERS 12 AND 13-16

concerning the litigation"). Indeed, courts have found that the work product doctrine prohibits a party from forcing opposing counsel to categorize documents in the way Plaintiffs' "contention RFPs" would require. *See Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985) ("the selection process of defense counsel in grouping certain documents together out of the thousands produced in [the] litigation is work product entitled to protection under [Rule] 26(b)(3) … [b]ecause identification of the documents as a group will reveal defense counsel's selection process, and thus his mental impressions[.]").

Plaintiffs attempt to defend these requests by arguing that they could have propounded an interrogatory asking VSI to identify all documents it contends refutes Plaintiffs' allegations; thus, Plaintiffs argue, if such an interrogatory is permitted, then the RFPs are permitted. *See* Motion at 8. This is a non-sequitur. As an initial matter, Plaintiffs cannot serve an interrogatory asking VSI to identify "all documents" that it contends refutes plaintiffs' allegations for the reasons discussed above relating to Plaintiffs' overly broad contention interrogatories. *See* L.R. 33-1(d). Even so, while Federal Rule of Civil Procedure 33 allows for narrowly tailored contention interrogatories, Rule 34 does not allow "contention requests for production." *See* Fed. R. Civ. P. 34 (party requesting production of documents "must describe with reasonable particularity each item or category of items to be inspected"). Plaintiffs cannot avoid the limits on the number of interrogatories, or the restrictions on overly broad, generalized contention interrogatories, by disguising contention interrogatories as equally objectionable requests for production under Rule 34.

Plaintiffs also argue that the purpose of these requests is to "avoid surprise and ambush," and "VSI would have been obligated to produce [these documents] as part of its initial disclosures anyway," (Motion at 7-8). But the fact that Rule 26(a) requires parties to identify documents it "may use to support its claims or defenses" does mean Plaintiffs are entitled to propound overly broad contention requests that force VSI to categorize documents in a way that reveals its defense strategies. Regardless, to the extent Plaintiffs now recast these RFPs as an attempt ensure all documents that VSI plans to use have been produced, VSI's responses make

Page 9 -   DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1)
            PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION
            NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO
            INTERROGATORY NUMBERS 12 AND 13-16

clear that it has no further documents to produce at this time.[1] Plaintiffs' demand that VSI declare that it has produced *all* documents it plans to use to refute Plaintiffs' contentions, and thus confine itself to documents already produced in discovery, is premature. Fact discovery is not closed, and neither side has taken any depositions. Expert disclosures and reports have not been exchanged. Plaintiffs have not even filed their motion for class certification or offered a damages model in this case. Thus, VSI's counsel cannot confirm at this point in the proceeding that the documents produced thus far are *all* the documents it intends to rely on.

## CONCLUSION

Plaintiffs' demand for discovery will cause an undue burden and expense on VSI to respond, compared with the speculative and marginal benefit that the discovery might yield for Plaintiffs. The Court should accordingly deny Plaintiffs' motion to compel in its entirety.

DATED this 22nd day of March, 2021.

          MARKOWITZ HERBOLD PC

By:   *s/ Chad M. Colton*
       Chad M. Colton, OSB #065774
       (503) 295-3085

-and-

VENABLE LLP
Angel A. Garganta (*admitted pro hac vice*)
Amit Rana (*admitted pro hac vice*)
(415) 653-3750

Of Attorneys for Defendant Vitamin Shoppe, Inc.

1121341

---

[1] As stated in VSI's responses, "VSI has already produced non-privileged, responsive and relevant documents pursuant to the ESI Protocol agreed upon by the parties." *See* Decl. of Kevin D. Gamarnik in Support of Plaintiffs' Motion to Compel, Exh. 8.

**Page 10 -** **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (1) PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NUMBERS 26-27, 30-31, AND 35-49; AND (2) RESPONSE TO INTERROGATORY NUMBERS 12 AND 13-16**