Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97201
Telephone: (503) 473-8565

    of Attorneys for Plaintiff
    Additional attorneys listed on final page

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **LEE WALTERS, MD,** an Oregon resident; **ROBBIE LINDORES, a** California resident; and **KAREN CARAVELLO**, a Washington resident,<br>        **Plaintiffs**,<br>    v.<br><br>**VITAMIN SHOPPE INDUSTRIES, INC.**, a Delaware corporation,<br>        **Defendant**. | Case No. 3:14-cv-01173-JR<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

Page 1  -  FINAL APPROVAL ORDER AND JUDGMENT

On October 20, 2021, this Court granted preliminary approval to the Settlement Agreement. On December 6, 2021, Plaintiffs filed their Motion for Final Approval of the Settlement. The Court, having considered the papers filed in support of the Motion for Final Approval, hereby makes the following findings of fact, reaches the following conclusions of law, and orders as follows:

1. The Court finds that it has jurisdiction over the subject matter of this action, over all claims raised therein and over all Parties thereto, including all members of the Settlement Class.

2. Venue is proper in this Action.

3. The Settlement Classes is composed of Injunctive Relief Settlement Subclasses which are defined as follows:

> (a) The Oregon Subclass: All Oregon residents who, at any time between July 23, 2008 and the date that the Court entered the Order Granting Preliminary Approval, purchased one or more Accused Product. The Subclass representative is Lee Walters.
>
> (b) The California Subclass: All California residents who, at any time between July 23, 2010 and the date that the Court entered the Order Granting Preliminary Approval, purchased one or more Accused Product. The Subclass representative is Robbie Lindores.
>
> (c) The Washington Subclass: All Washington residents who, at any time between December 14, 2014 and the date that the Court entered the Order Granting Preliminary Approval, purchased one or more Accused Product. The Subclass representative is Karen Caravello.

4. As ordered in the Court's Order Granting Preliminary Approval of Class Action Settlement, (Dkt. No. 141), in the event the Settlement Agreement is terminated or not consummated, conditional certification of the Settlement Class shall be null and void and the Class Representatives, the Settlement Class, and VSI shall be returned to their respective statuses as of the date immediately prior to the execution of the Settlement Agreement.

5. The Court previously conditionally certified the Settlement Class for purposes of settlement only. The Court finds on the record before it that certification of the Settlement Class satisfies the requirements of Rules 23(a) and 23(b)(2). The Court finds that (a) the Settlement Class Members are so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Settlement Class Members; (c) the named Class Representatives' claims are typical of the claims of the respective Settlement Class Members they seek to represent; (d) the Class Representatives and Class Counsel are able to adequately represent the Settlement Class Members; and (e) final injunctive relief is appropriate respecting the Settlement Class as a whole.

6. Based on the fact that the Settlement Agreement provides for only injunctive relief and requires no release of any monetary remedies by any Settlement Class Member, and the Settlement Class is certified under Fed. R. Civ. P. 23(b)(2) only, the Court finds that notice to the Settlement Class is not necessary. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action.").

7. The Court finds that the Defendant has ensured that a notice of proposed settlement that complies with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, was served upon the appropriate State official of each State in which a member of the Settlement Classes resides, and the appropriate Federal official.

8. In determining whether to approve the Settlement Agreement, the Court has considered the "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceeding; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268,

Page 3   -   FINAL APPROVAL ORDER AND JUDGMENT

1291 (9th Cir. 1992). After consideration of each of these factors as applicable, the Court finds that the Settlement is fair, reasonable and adequate and is in the best interests of the Settlement Class.

9. The Court makes these findings for the reasons articulated in Plaintiffs' briefing supporting the Motions for Preliminary Approval and Final Approval of the Settlement and for the reasons identified by the parties and the Court at the Final Approval Hearing on February 7, 2022. Specifically, the Court finds as follows:

(a) Plaintiffs face significant litigation risk and expense and the possibility of little or no recovery should the matter proceed to trial. In contrast, this Settlement provides substantial benefits to the Settlement Classes. In light of the significant litigation risks for the class and the reasonable range of potential recoveries based on the facts and applicable law, the Court finds that the benefit provided to class members is fair and reasonable. The Court further finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other.

(b) The claims of the Settlement Class have been extensively litigated for over seven years, and the case has involved numerous contested motions. The Parties have engaged in meaningful discovery, allowing counsel to make informed decisions about settlement. All counsel involved in this case are experienced in class actions and knowledgeable about the claims. The Court further finds that the record is sufficiently developed to have enabled Class Counsel, Class Representatives, and VSI to adequately evaluate and consider their respective positions. Accordingly, the Court finds that counsel's view of the settlement as fair, reasonable and adequate warrants great weight. *See In re Wash. Public Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1392 (D. Ariz. 1989).

(c) The Court finds that the Settlement Agreement was entered into by

experienced counsel and only after hard-fought arms-length negotiation.

## ORDER AND JUDGMENT

**IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1. The Court finally approves the Settlement.

2. The Court deems the Settlement Agreement and every term and provision thereof incorporated herein as if explicitly set forth and with the full force of an order of this Court. The Parties shall effectuate the Settlement in accordance with the terms of the Settlement Agreement and this Final Approval Order and Judgment. In the event of a conflict between the terms of the Settlement Agreement and this Final Approval Order and Judgment, the terms of this Final Approval Order and Judgment shall take precedence.

3. The Releases set forth in Section 4 of the Settlement Agreement are expressly incorporated into this Final Approval Order and Judgment. Upon the Effective Date, the Released Parties shall be released and forever discharged by the Releasing Parties from the Released Claims. The Court orders that the terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that are based on or in any way related to the Released Claims. The Court further enjoins all members of the Settlement Classes, and anyone acting on their behalf, from asserting any of the Released Claims.

4. The Court orders the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions, including the payment of benefits and attorneys' fees following the procedures described in the Settlement Agreement and described above.

5. The Court hereby dismisses this lawsuit on the merits with prejudice to all claims brought by Class Representatives and with prejudice as to Settlement Class Members' claims for injunctive relief. The Settlement Class Members' claims for monetary remedies are dismissed without prejudice. All dismissed claims are dismissed without fees or costs to any Party, and each Party is to bear their respective attorneys' fees and costs except as provided in both (i) the Settlement Agreement and (ii) any Attorneys' Fee Award and/or Incentive Award ordered by this Court.

6. Without affecting the finality of this Final Approval Order and Judgment, the Court shall retain exclusive and continuing jurisdiction to enforce the terms of the Settlement Agreement, the Judgment and this Order, and all Parties and the members of Settlement Classes submit to the exclusive jurisdiction of the Court with respect to the enforcement of the Settlement Agreement.

7. VSI is enjoined from labeling supplements sold under the Vitamin Shoppe private label brand in any way inconsistent with Section 2.1 of the Settlement Agreement.

8. Nothing in this Final Approval Order and Judgment or in the Settlement Agreement shall be construed as an admission by any Party. The Settlement Agreement and this resulting Final Judgment simply represent a compromise of disputed allegations.

IT IS SO ORDERED:        Dated: this 7th day of February, 2022.

*Jolie A. Russo*
HON. JOLIE A. RUSSO
UNITED STATES MAGISTRATE JUDGE