Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97201
Telephone: (503) 473-8565

   of Attorneys for Plaintiff
   Additional attorneys listed on final page

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **LEE WALTERS, MD,** an Oregon resident; **ROBBIE LINDORES,** a California resident; and **KAREN CARAVELLO**, a Washington resident,<br><br>            **Plaintiffs**,<br>     v.<br><br>**VITAMIN SHOPPE INDUSTRIES, INC.**, a Delaware corporation,<br><br>            **Defendant**. | Case No. 3:14-cv-01173-JR<br><br>ORDER ON PLAINTIFFS' APPLICATION FOR:<br><br>(1) AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL;<br><br>AND<br><br>(2) INCENTIVE AWARDS FOR CLASS REPRESENTATIVES |

Page 1  -  ORDER ON PLAINTIFFS' APPLICATION FOR ATTORNEYS'
         FEES, EXPENSES, AND INCENTIVE AWARDS

The Court, having considered the papers filed in support of the Application for: (1) Award of Attorneys' Fees and Reimbursement of Expenses to Class Counsel; and (2) Incentive Awards for Class Representatives ("the Fee, Expense and Incentive Award Application"), hereby makes the following findings of fact, reaches the following conclusions of law, and orders as follows:

## FINDINGS OF FACT

Pursuant to Fed.R.Civ.P. Rules 23(h)(3) and 52(a), the Court makes the following findings of fact:

(1) The parties, by and through their respective counsel, separately negotiated and agreed upon a maximum amount of attorneys' fees to be paid to the Class Counsel of $650,000.00 for the legal services performed by Class Counsel in this action.

(2) These negotiations took place after counsel had negotiated and agreed upon the injunctive relief to be made available to the class members under the settlement.

(3) The negotiations were arms-length and took place in a separate mediation session.

(4) Once an agreement was reached on the maximum amount of attorneys' fees to be paid to Class Counsel, the parties negotiated and agreed upon a dollar cap amount of $17,000.00 to Class Counsel in reimbursement for the litigation-related expenses incurred by Class Counsel, as well as reasonable incentive awards to the three Class Representatives in the amount of $3,000.00 each to two Class Representatives and $1,000.00 to one Class Representative.

(5) Class Counsel's lodestar in the amount of $737,722 is reasonable and justified based on: (a) the market competitive hourly rates charged by Class Counsel for the work that was performed; (b) the significant time and effort that was expended by Class Counsel (more than 1400 hours); and (c) the duration of the case (over seven years).

(6) The attorneys' fees requested in the amount of $650,000.00 represent a multiplier of 0.88 which is reasonable and justified based on: (a) the difficult and novel legal challenges faced

by Class Counsel in this case; (b) the risks and financial burdens that Class Counsel undertook in litigating this case on a fully contingent basis; and (c) the significant benefits that are being made available to the class members under the settlement.

(7)     When analyzed as a percentage of the overall amount of attorneys' fees that Class Counsel expended in achieving the settlement, the attorneys' fees requested represent 88% of this amount.

(8)     Therefore, when analyzed on a lodestar/multiplier basis or as a percentage of the overall amount of attorneys' fees that Class Counsel actually expended, the attorneys' fees requested by Class Counsel in the amount of $650,000.00 are fair and reasonable.

(9)     The expenses sought by Class Counsel in the amount of $9,012.85 are less than the $17,000.00 cap amount agreed to by Class Counsel under the terms of the Settlement Agreement.

(10)    The expenses for which Class Counsel seek reimbursement appear to be reasonably and necessarily incurred in connection with the prosecution and resolution of this action.

(11)    The incentive awards requested on behalf of the Class Representatives in the amount of $3,000.00 each to two Class Representatives and $1,000.00 to one Class Representative are fair and reasonable in light of the significant amount of personal time each devoted to fulfilling his/her duties as a class representative in this action.

(12)    The Fee, Expense and Incentive Award Application was filed two weeks prior to the deadline for class members to opt-out or file any objection to the Fee, Expense and Incentive Award Application.

## CONCLUSIONS OF LAW

Pursuant to Fed.R.Civ.P. Rules 23(h)(3) and 52(a), the Court reaches the following conclusions of law:

(1)     In a class action, the district court must exercise its inherent authority to ensure that

the amount and mode of payment of attorneys' fees are fair and appropriate. *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1328 (9th Cir. 1999).

(2) In calculating attorneys' fees in class actions, the district court has discretion to use either a percentage or lodestar method in order to calculate the attorneys' fees to be awarded to counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

(3) Under the lodestar method, the court can make adjustments to the lodestar figure based on, *inter alia*, the riskiness of the lawsuit and the quality of the attorney's work. *Jordan v. Multnomah Co.*, 815 F.2d 1258, 1262 n. 5 (9th Cir. 1986).

(4) In determining what qualifies as reasonable attorneys' fees under the lodestar method, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 71 (9th Cir. 1975).

(5) The district courts have applied a wide range of multipliers – generally ranging from 2 to 4 – in making fee award determinations. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)

(6) The court may award reasonable attorneys' fees, nontaxable costs and expenses that are authorized by law or by the parties' agreement. Fed.R.Civ.P. 23(h); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).

(7) The trial court has discretion to grant incentive awards to class representatives. *In*

re Mego Fin'l Corp. Sec. Litig. v. Nadler, 213 F.3d 454, 463 (9th Cir. 2000).

(8) The criteria that courts should consider when determining whether to grant an incentive award and the amount of the award include: (a) the risk to the class representative in commencing a class action, both financial and otherwise; (b) the notoriety and personal difficulties encountered by the class representative; (c) the amount of time and effort spent by the class representative; (d) the duration of the litigation; and (e) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299 (N.D.Cal.1995); *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003).

(9) It is not uncommon for a court to award each class representative several thousand dollars as an incentive award. *See, e.g., In re Mego Fin'l Corp. Sec. Litig.*, 213 F.3d at 463 (approving incentive awards of $5000 to the two class representatives); *Van Vranken*, 901 F. Supp. at 300 (approving incentive award to single class representative in the amount of $50,000).

(10) It is imperative under Rule 23(h) that class members have an adequate opportunity to oppose Class Counsel's Fee, Expense and Incentive Award Application. *In re: Mercury Interactive Corp. Securities*, 618 F.3d 988 (9th Cir. 2010).

(11) Providing class members with an adequate opportunity to oppose Class Counsel's Fee, Expense and Incentive Award Application requires that, at a minimum, the deadline for filing objections to Class Counsel's Fee, Expense and Incentive Award Application not predate the filing of Class Counsel's Fee, Expense and Incentive Award Application. *Id.*

## ORDER

IT IS HEREBY ORDERED AND ADJUDGED THAT:

(1) Attorneys' fees in the total amount of $650,000 are awarded to Class Counsel for their services in connection with the litigation and resolution of the claims asserted in this action.

(2) Class Counsel are to be reimbursed for their reasonable expenses and non-taxable costs

incurred in connection with the litigation and resolution of the claims asserted in this action in the total amount of $9,012.85.

(3)  The Class Representatives are granted incentive awards in the amount of $3,000.00 each to Lee Walters and Karen Caravello and $1,000.00 to Robbie Lindores.

IT IS SO ORDERED:        Dated: this 7th day of February, 2022.


_____
HON. JOLIE A. RUSSO
UNITED STATES MAGISTRATE JUDGE